## BURNS *v.* HAILE.

When a foreclosure proceeding directed against two adjoining lots deals with the
land therein embraced as an entire parcel or tract, and neither by allegation
nor prayer places one lot upon a different footing or status from the other, a
verdict in the plaintiff's favor, though sufficiently describing one lot and very
indefinitely referring to the other, should be treated as applying to both, when,
taking into consideration all of its terms and giving to the same in the light
of the entire record a reasonable interpretation, it is manifest that the jury
intended to establish the plaintiff's lien upon all the realty in controversy.

Argued January 10, — Decided January 29, 1901.

Levy and claim. Before Judge Lumpkin. Fulton superior
court. January 18, 1900.

*Frank A. Arnold*, for plaintiff in error.
*Thomas L. Bishop* and *Rosser & Carter*, contra.

Lumpkin, P. J. It appears from the record that T. J. Haile insti-
tuted in the superior court of Fulton county, against the Atlanta
Land and Loan Company and Mrs. R. C. Haile, a petition for the
foreclosure of an instrument in the form of a deed from A. J. Haile
to that company, dated October 26, 1892, which, for reasons alleged,
the plaintiff, T. J. Haile, claimed constituted an equitable mortgage
in his favor upon the realty described in that instrument. See 106
*Ga*. 498. In the paper just mentioned, the property was described
as follows: "An undivided half interest in all that tract or parcel
of land situated, lying, and being in the City of Atlanta, being part
of land lot No. 54 in the 14th district of Fulton county, Georgia,
and more particularly described as follows, to wit: commencing on
the southwest corner of Love and Hill streets, running thence south
along the west side of Hill street (50) fifty feet; thence west one
hundred (100) feet; thence north fifty (50) feet to the south side of
Love street; thence east along the south side of Love street one hun-
dred (100) feet to beginning point, and being Lot No. 1 of the plat of

Goode, Fontaine & Elmore, exhibited by them at the sale of said lot on the third day of May, 1883, said plat being on file in the office of the city engineer of City of Atlanta. Also Lot No. 2, same plat, lying alongside and adjoining the above-described lot, and more particularly described as follows: commencing on the west side of Hill street at a point fifty (50) feet from the southwest corner of Love and Hill streets, running thence south along the west side of Hill street fifty (50) feet; thence west, parallel with Love street, one hundred (100) feet; thence north, parallel with Hill street, fifty (50) feet; thence east one hundred (100) feet to the west side of Hill street, the beginning point; being, as aforesaid, Lot No. 2 of the plat exhibited by Goode, Fontaine and Elmore at the public auction sale of said lots on the third day of May, 1883." The petition dealt with the land upon which the plaintiff was seeking to establish a lien as a whole. There was no allegation or prayer relating specially to either lot, nor was there anything in the petition to indicate that, relatively to the plaintiff's claim of lien, one lot stood upon a different footing from the other. As to this the status of each was apparently identical with that of the other.

Upon this petition the jury returned a verdict in the following words: "We, the jury, find for the plaintiff the sum of three hundred and seventy-five dollars ($375.00) as principal, and one hundred and sixty-four dollars ($164.00) as interest to date, and cost of suit. We further find that said instrument to be an equitable mortgage, and that the same be foreclosed as such upon the property conveyed by A. J. Haile to Atlanta Land & Loan Company by deed dated Oct. 26th, 1892, fully described as follows, to wit: commencing at southwest corner of Love and Hill streets, running thence south along the west side of Hill street fifty feet; thence west one hundred feet; thence north fifty feet to south side of Love street; thence east along the south side of Love street one hundred feet to beginning point, etc., being in the city of Atlanta, L. L. 54 in 14th dist. of Fulton county, Ga., same being a one-half undivided interest in said land." Upon this verdict the following judgment was entered: "The jury having found a verdict in the within and foregoing case in favor of the plaintiff, it is therefore ordered and adjudged and decreed by the court that said plaintiff, T. J. Haile, the plaintiff, have and recover of the Atlanta Land & Loan Co. and Mrs. R. C. Haile, the defendants in said case, the

principal sum of three hundred and seventy-five dollars ($375.00),
besides one hundred and sixty-four dollars ($164.00) interest to
date, with future interest at 8% per annum, and .................. dol-
lars as all costs of suit.    It is further adjudged and decreed that
said instrument sued upon is an equitable mortgage, and that the
same is hereby foreclosed as a lien upon the property described in
'Ex. A.' attached to the petition in this case, being a one-half (1/2)
undivided interest therein, same being also set out in the verdict
of the jury herein and referred to for all necessary purposes, with
the right of plaintiff to enforce this decree in accordance with the
rules of law; that execution issue hereupon, and that the property
be sold thereunder at regular sales of the sheriff of this county be-
fore the court-house door.    This April 14th, 1898." Execution
issued upon this judgment, and was levied upon both the lots de-
scribed in the instrument foreclosed.    Burns filed a claim to both
lots, but subsequently withdrew his claim to lot No. 1, after which
the claim case proceeded to trial.    The court directed a verdict in
favor of the plaintiff in execution, and the claimant brought the
case to this court for review.    The only ground insisted upon here
for reversing the judgment of the trial court was that the judge
thereof erred in holding that the verdict returned in the foreclosure
proceeding embraced lot No. 2, it being conceded by counsel that
if the trial judge did not err in this respect, the verdict finding the
property subject was right.

We agree with his honor below that the verdict in the foreclosure
proceeding was intended to embrace, and did embrace, lot No. 2.
The jury found that the instrument referred to should be foreclosed
"upon the property conveyed by A. J. Haile to Atlanta Land &
Loan Company by deed dated Oct. 26th, 1892."    A copy of this
deed was attached to the plaintiff's petition and marked "Exhibit
A."    If the verdict had stopped there as to description, it would
clearly have meant that the foreclosure was to be had upon all the
property conveyed by that deed.    Certainly there would be no
reason for inferring an intent to limit the foreclosure to less than
the whole.    This being so, and the deed in question fully describ-
ing both lots, it can not be doubted that the jury intended to estab-
lish T. J. Haile's alleged lien upon both lots.    As already pointed
out, there was in the pleadings before them nothing to suggest an
attempt to obtain only a partial foreclosure, and no reason appeared

why, relatively to the plaintiff's claim of lien, one lot occupied a status in any respect differing from that of the other. The contest between T. J. Haile and the defendants named in his petition undoubtedly related to the two lots as a whole, and not to either one of them separately. . It was, however, earnestly insisted that as the words last quoted from the verdict were followed by the words "fully described as follows, to wit:" and that immediately after these words came others embracing a partial description of lot No. 1, with the addendum "etc.," the finding of the jury was limited to this lot; the contention being that the abbreviation "etc." was designed merely to represent the balance of what would have been a full and complete description of lot No. 1, as set forth in the deed above mentioned. We do not think this is the correct view of the matter. In our opinion, the abbreviation "etc." stood not only for the balance of the description of lot No. 1, but also in place of a detailed description of lot No. 2. It will have been observed that the description in the deed began with the words: "An undivided half interest in all that tract or parcel of land situated, lying, and being in the city of Atlanta, being part of land lot No. 54 in the 14th district of Fulton county, Georgia." After the "etc." appearing in the verdict were the words, "being in the city of Atlanta, L. L. 54 in the 14th dist. of Fulton county, Ga., same being a one-half undivided interest in said land." Clearly, the words "said land" meant all of the land described in the instrument sought to be foreclosed. As no earthly reason can be suggested why the jury should arbitrarily have undertaken to set up the plaintiff's lien only as to lot No. 1, and as there was every reason why they should have treated the plaintiff's claim of lien in exactly the same way with regard to both lots, the conclusion seems inevitable that, in order to give the verdict a reasonable intendment, which is the proper course to be pursued, it must be held that the same applied to and covered alike an undivided half interest in both of the lots.

*Judgment affirmed. All the Justices concurring.*