Kenan & Rockwell vs. Miller.

No. 48.—KENAN & ROCKWELL, plaintiffs in error vs. JOHN J. MILLER, defendant in error.

[1.] To a bill for relief and injunction against plaintiffs in execution, issuing upon a common law judgment, their attorneys, against whom no fraud is charged, nor relief sought, ought not to be made parties.

[2.] If a complainant in equity has been before a competent tribunal at law, which has given judgment against him, that judgment, unless reversed, is conclusive upon him in the other forum, even as to matters of defence which he might have presented, but neglected to introduce at the proper time ; and that, too, notwithstanding the decision disallowing his plea was erroneous.

In Equity. From Baldwin Superior Court. February Term, 1847. Judge MERRIWETHER presiding.

This was a bill in equity for relief and injunction against the plaintiffs in error, as attorneys at law, with several other persons their clients, and also the sheriff of Baldwin as defendants, to which the plaintiffs in error filed a demurrer upon several grounds. The facts stated in the bill, and the grounds of demurrer, with the decision of the Court below, which was excepted to by the plaintiffs in error, being fully set forth in the opinion delivered by the Supreme Court, it is deemed unnecessary to state them here.

KENAN & ROCKWELL, pro. per.

The plaintiffs in error, in their own proper persons, filed the following assignment of errors :

First. That Kenan & Rockwell, as attorneys, were improperly made parties in said suit. Because, first, it does not appear from the said bill that they have any interest in the subject-matter of said suit. Second. Because no discovery of any of the matters and things charged in said bill is sought from them, nor is any relief prayed against them in the premises.

Second. That complainant (defendant in error) is too late in filing his bill after judgment.

Third. That he has an adequate remedy at law.

And submitted in support of their said assignment the following brief of points and authorities :

First. No person ought to be made a party to a suit in equity who has not an interest in the object of it. And this rule applies not merely to bills for relief, but also to bills for discovery in aid of

proceedings at common law. *Calvert on Parties,* 77 ; *Story Eq. Pl.* 397 ; 7 *Ves. Jr. R.* 287 ; 1 *Ves. & Bea. R.* 545 ; 6 *Ves. R.* 143.

Second. No discovery is sought from the plaintiffs in error, de-- fendants in the bill. No charge of fraud against them, and no re- lief can be had against them. 1 *Sch. & Lef. R.* 227 ; 2 *Jac. & W. R.* 249 ; 3 *Sim. R.* 64 ; 15 *Ves. Jr. R.* 163 ; 1 *Myl. & K. R.* 93.

Third. The rule in equity is, there cannot be a prayer for relief against some defendants, and for discovery only as to others. *Hare on Discovery,* 65.

Fourth. The bill is filed too late, after judgment. 1 *John. Ch. R.* 91, 320, 465 ; 6 *Ib.* 87 ; 9 *Paige R.* 631 ; 1 *Sch. & Lef. R.* 201 ; 1 *Kelly's R.* 136.

Fifth. The remedy is adequate at law.

1st. Because, if satisfaction ought to be entered on said judg- ment, it can be done on motion. Payment only is satisfaction.

2d. If the party has been deceived by the acts or misrepresenta- tions of either of the defendants to the bill, his remedy is by action. *Pasley & Freeman, and notes,* 2 *Smith's Leading Cases,* 101.

3d. If there be a fraudulent misrepresentation, or *concealment,* on the subject of title to chattels by the vendor, he is liable. *Chitty on Con.* 447 ; 4 *Taunt. R.* 847 ; 5 *Ib.* 657.

4th. *Caveat Emptor* is the settled rule applicable to all judicial sales. 1 *Kelly's R.* 53.

*By the Court*—LUMPKIN, J. delivering the opinion.

This case came up to be heard before Judge Merriwether, on the 27th of February, 1847, upon a bill in equity, which charged in substance as follows : That Reddick Pierce mortgaged to Leroy M. Wiley certain negroes, to wit, Harriet and her two children Lucy and Adeline, said mortgage bearing date 20th October, 1838, and duly recorded; that afterwards said mortgage was foreclosed, and execution issued and levied on the property named therein, which was advertised, sold, and purchased by the complainant without notice of any defect in the title; that at the time of sale, the defendants, Laughlin McKinnon, William H. Pierce, and Lovick W. Pierce, were standing by with a knowledge of their claim, and yet asserting no title to said slaves, but allowing the sale to proceed, and the proceeds to be applied to the mortgage *fi. fa.* without objection on their part, thereby admitting, by their con- duct and silence, the right of the mortgagor in and to said negroes,

Kenan & Rockwell *vs.* Miller.

and the validity of the purchase made by the complainant. That subsequently to said sale Robert D. Walker, in right of his wife Louisa; Laughlin McKinnon, in right of his wife Mary Ann C.; William H. Pierce, John W. Pierce, and Sarah A. Pierce, minors, by their next friend Laughlin McKinnon, the children of Reddick Pierce, jointly brought their action of trover in the Superior Court of Baldwin County, to recover damages for the detention of the said negroes; plaintiffs in said action claimed title under a devise in the will of one Hargrove Arthur, of South Carolina, in which the wife of Reddick Pierce had a life estate, the remainder to her children the plaintiffs, and the said life estate has determined by the death of Mrs. Pierce. That on the trial of said cause at common law, the plaintiffs confessed judgment for costs, reserving the right of an appeal; and that the special jury, at the March Term, 1845, and at the February Term, 1846, were unable to agree on a verdict; and at the August Term, 1846, there was a recovery had for the plaintiffs. That upon each of the trials on the appeal, the complainant endeavoured to go into evidence to prove the facts alleged in the bill as to the presence of three of the plaintiffs at the sale of the negroes, and their silence in reference to their claim of property, they well knowing the same at the time; whereby they had assisted in perpetrating a fraud upon honest and unsuspecting purchasers, and upon the complainant. Which course of defence was not permitted by the several presiding judges at the respective trials, upon the distinct ground, that the complainant could have no relief, except in a court of equity, upon an original bill filed, setting forth the matters of fraud therein charged; that in a court of law there could not be a recovery in behalf of some plaintiffs in the record to the exclusion of their co-plaintiffs; the proceedings were joint, and the recovery must be joint. And the complainant alleges, that in consequence of such views of the presiding judges, he was unable to present to the jury the evidence of the fraudulent conduct of the defendants, so far as to preclude any recovery to the extent of their interest in the property. The bill further set forth, that after the judgment in trover, an execution issued against complainant, and was, at the time of filing the bill, proceeding against him and his property, amounting to the sum of $834 10 principal, with interest and costs; that the respective share of each of the plaintiffs is $139 01, and that the aggregate interest of the three defendants in the bill is $417 03. That complainant has paid $417 03, the amount of the principal and interest due the

other three plaintiffs in trover, who were not present at the sale, and costs in full, and offers to pay any deficiency to satisfy the claim of the minors, and such other sum as the Court may direct. The bill interrogates the defendants as to the facts charged, and prays that the execution may be delivered up to be satisfied and returned into office, and that the defendants and their attorneys, Kenan & Rockwell, and Samuel Buffington, sheriff, may be enjoined from proceeding with said *fi. fa.* and that the court, upon the hearing, may grant a perpetual injunction against the same, and such other relief as the cause may require. It prays a subpœna against Laughlin McKinnon, Lovick W. Pierce, and William H. Pierce, whose place of residence is unknown, Kenan & Rockwell, attorneys of record, and Samuel Buffington, sheriff of the County of Baldwin.

The bill was served upon Kenan & Rockwell and Samuel Buffington only. At the appearance term of the bill, the defendants, Kenan & Rockwell, filed a general demurrer upon the following grounds:—

First. That the attorneys at law, Kenan & Rockwell, were improperly made parties.

Second. That the complainant has a full and adequate remedy at law.

Third. That the complainant should have filed his defence upon the trial of the action at law, and that the defence was too late after judgment.

All of which were overruled by the court, whereupon the defendants excepted.

[1.] In reviewing the opinion of the Circuit Court, we shall overlook the *second* and confine ourselves to the questions made in the *first* and *third* grounds in the demurrer. The conclusion to which we have come respecting these, will not only dispose *finally* of the present bill, but the whole matter in controversy between the parties.

And it is only necessary to bestow a passing remark upon the point as to the misjoinder of Kenan & Rockwell, as the attorneys merely of the plaintiffs in trover, against whom no fraud is charged and no relief can be had.

The Court distinctly recognises the doctrine contended for by the plaintiffs in error, and to the extent to which they carry it, namely, that no person ought to be made a party to a suit in equity, who has no interest in the subject matter of it: and that

the rule applies not merely to bills of relief, but also to bills of discovery in aid of proceedings at common law.    Mitford, afterwards Lord Redesdale, in his admirable little Manual on Pleadings in Chancery, *restricts* the parties to a bill, whether plaintiffs or defendants, to those who are materially interested in the subject matter of the suit.    *Mitford*, 32, 133 ; see also, *West* vs. *Randall*, 2 *Mason*, 181 ; *Caldwell* vs. *Taggart*, 4 *Peters*, 190 ; *Trescot* vs. *Smith*, 1 *McCord, Ch. R.* 301; *Crocker* vs. *Higgins*, 7 *Con. R.* 342; *Duncan* vs. *Miger*, 4 *J. J. Marshall*, 447 ; *Wendell* vs. *Van Rensselaer*, 1 *John. Ch. R.* 344.

In *Allen* vs. *Hall*, 1 *A. K. Marsh.* 527, the court held that agents and attorneys could not be made parties with their principals, however active a part they may have taken in advancing or defeating a claim.

Without wasting further time upon this defect, which is yielded in the argument by counsel for the defendant in error, but which would be susceptible perhaps of amendment, we will examine for a moment the more formidable obstacle which the complainant will have to surmount, before he can obtain the relief which he seeks ; and that is, that his bill is filed too late, after a final judgment at law upon the appeal.

The court had occasion to examine this point thoroughly [2.] in the case of *Bostwick* vs. *Perkins, Hopkins & White*, 1 *Kelly's R.* 136 ; and it there ruled that if the defendant had been before a competent tribunal which had proceeded to judgment, that decision, until reversed, is conclusive upon him in any tribunal having concurrent or other jurisdiction; that it was conclusive upon him not only as to any matter of defence which he presented, but which could have been offered by him, and conclusive too, notwithstanding the judgment be erroneous.    We do not feel inclined to recede from the position then occupied; indeed we have expressly re-affirmed the doctrine then maintained in the subsequent case of *Stroup* vs. *Sullivan & Black*, decided at Cassville, March, 1847.    2 *Kelly R.* 275.

The well established rule is, that chancery will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question, pending the suit, or it could not have been received as a defence, or unless he was prevented from availing himself of it by fraud or accident, or the act of the opposite party unmixed with

42

Kenan and Rockwell *vs.* Miller.

negligence or fault on his part. *Lansing* vs. *Eddy*, 1 *John. Ch. R.* 51; *Duncan* vs. *Lyon*, 3 *John. Ch. R.* 351.

The complainant Miller, renders no sufficient excuse for not resorting to equity, and invoking its aid to assist him in his defence of the action at law. With due deference to the three learned judges who successively determined differently, I am fully persuaded that the complainant's plea was good *at law.* If there be joint owners or tenants in common in a chattel, and they sever in trover, it can only be taken advantage of, under any circumstances, by plea in abatement; and if this is omitted, and a part recover, the rest afterwards cannot be estopped. I would respectfully submit, that under the peculiar facts of this case, a plea in abatement on account of the misjoinder of the plaintiffs would not lie. It is admitted, that as remaindermen in joint tenancy, or in common, all six of the children of Reddick Peirce took the slaves in dispute; the objection set up to the recovery of three of them was, that having stood by in silence at the sale, and suffered Miller to buy without notice of their title, they were equitably and legally ousted of their right in the property. But this was a matter which could only have been disclosed by the defendant's proof. What was there then in the pleadings to prevent a moiety of the plaintiffs from recovering, while the other half were defeated ?

In *Bleaden and another* vs. *Hancock*, 4 *Carrington & Payne*, 152, it was decided, that two persons jointly interested in a chattel, having made a joint demand for it, may notwithstanding maintain separate actions of trover in respect of it, against a person who unjustly detains it. *Taddy, Serjeant*, for the defendant, insisted, that as to those plates, in which there was a joint property, the action was not maintainable, because the property is in an article not in itself divisible ; that the plaintiffs not only held as tenants in common, but they made a joint demand. Their property, he argued, had never been and could not be severed. He yielded, that parties may sever and then maintain separate actions, as in the cases of *Sedgworth* vs. *Overend*, 7 *T. R.* 279, and *Addison* vs. *Overend*, 6 *T. R.* 766. But here, instead of severing they join and make a joint demand, and they must bring a joint action, and *not subject the party to two actions.* They cannot support a separate action upon a joint demand.

By the way I would observe, that a multiplicity of suits cannot be suggested as a reason in the case under discussion. For the

defence, if sustained, would have been final as to three of the plaintiffs, and the rest would have their judgment, and thus an end would have been put to the whole controversy. *Tindal, C. J.* in delivering the opinion of the court in the above case, says: "It appears to me to be the ordinary case; two persons interested in a chattel bring separate actions for a *tort;* the damages may be severed; they are not so tied together, even by the joint demand, that they may not sever when they come into court."

Upon the authority, then, of this case, as well as upon principle, I should have dissented from my brethren of the bench below as to the admissibility of Miller's defence at law. Still, he is bound by the judgment against him, even if it be erroneous; and the fact that it is so, furnishes no justifiable pretext for the interference of chancery; the law having been declared otherwise on the two previous trials, should have admonished him to beware and prepare for the third, in the manner indicated by the Court, viz: by timely calling upon equity to aid him in getting in his defence at law.

The judgment below must be reversed.