26767. STATE OF GEORGIA, for use, etc., *v.* GORMLEY, superintendent of banks, *et al.*

DECIDED JULY 8, 1938.

*H. A. Allen, G. B. Walker,* for plaintiff.

*Bryan, Middlebrooks & Carter, Dave M. Parker,* for defendants.

STEPHENS, P. J. 1. An order of the judge of the superior court, passed on application of the superintendent of banks, who has taken over a bank for liquidation pursuant to the provisions of Code, § 13-807, which authorizes the superintendent of banks to procure from the judge of the superior court, after the required notice to the bank, "an order to sell, compromise, or compound any bad or doubtful debt or claim, . . and . . sell the real and personal property of such bank on such terms as the court, or the judge thereof, shall direct," amounts to a determination by the

court or the judge that the debt or claim is bad or doubtful, and that the amounts for which the debt or claim or the real or personal property is to be sold, as provided in the order of the court or the judge, is a fair and just valuation of the debt, claim, or property. The superintendent of banks is authorized and justified in selling such debt or claim or property on the terms provided in the order of the judge; and when, on selling the debt, claim, or property on the terms prescribed in the order, he sells it for less than its worth, he violates no duty of his office owed by him to any stockholder or creditor of the bank, and is not liable to any stockholder for any damage which may accrue to him by the sale of the property. The superintendent of banks, when selling any of the assets or property of a bank which, under the authority of the banking act, he has taken over for liquidation, is not necessarily violating any duty owed by him to a stockholder or creditor of the bank in selling any of the assets of the bank for less than their true value.

2. It follows that in a suit by a stockholder of the bank against the superintendent of banks and the sureties on his official bond, to recover damages alleged to have been sustained by the plaintiff by reason of a sale by the superintendent of the assets of the bank which he had taken over for liquidation under the banking act, in an amount considerably less than their true value, it does not appear that the superintendent in so doing made an illegal or unauthorized sale and violated any duty owing to the plaintiff, in the absence of an allegation in the petition that the superintendent, in selling the assets of the bank, did so without having obtained an order of the superior court, or the judge thereof, to make such sale as is provided in the Code, § 13-807.

3. The petition therefore, wherein it failed to contain an allegation that the superintendent of banks sold the assets of the bank without having obtained an order as required by the statute from the superior court or the judge of the superior court, failed to set out a cause of action, and the court did not err in sustaining the demurrer thereto.

*Judgment affirmed. Felton, J., concurs. Sutton, J., concurs in the judgment.*