RUCKER *et al. v.* UPSHAW *et al.*

No. 15169.   JUNE 6, 1945.   REHEARING DENIED JULY 6, 1945.

*G. B. Walker* and *H. E. Edwards*, for plaintiffs.

*T. Grady Head*, attorney-general, *R. A. McGraw*, assistant attorney-general, *Brandon, Matthews, Long & Nall;* and *Smith, Kilpatrick, Clay & Cody*, for defendants.

DUCKWORTH, Justice. (After stating the foregoing facts.) Assuming but not deciding that the allegations of fact are true, and that each debt was more than it was stated to be by the debtor in his offer of settlement to the superintendent of banks, and that the interests in the W. T. Upshaw estate were of a greater value than such offers placed upon them, and that the defendants owned more property than they represented, and that the superintendent's application for the orders contained the same representation in regard to the settlements, would the petitioners be authorized under the law to the relief sought, based upon the allegations of the petition? Although the petition, together with its numerous exhibits and amendments, comprised more than 100 pages of the record, yet it makes no effort to state any fact showing that the petitioners did not know and by the exercise of diligence required of them by law could not have ascertained the truth concerning all of the matters complained of. It is content to leave this question standing upon the bare conclusions of the pleader. Each settlement sought to be set aside conforms exactly to the order of the judge of the superior court authorizing the same. As ruled by the Court of Appeals in *State of Georgia* v. *Gormley*, 58 *Ga. App.* 186 (198 S. E. 271), these orders, so long as they are allowed to stand, are conclusive authority for the settlements made pursuant thereto. The

banking law (Code, § 13-807), prescribes as a condition precedent to the sale, compromise, or compounding of any bad or doubtful claim that the superintendent must apply to the superior court, or to the judge thereof if the court is not in session, for an order authorizing such; and states that, "but on any such court proceedings the bank shall be made a party by a proper notice issued from the court." It is further provided that an order on such an application may be had after the bank has had five days' notice of the same. Is the bank authorized by this section to file objections to such an application? What is the purpose in expressly making the bank a party thereto? Why is the order postponed for five days after the bank has had notice? Manifestly the bank has an interest in the assets administered by the superintendent, because after the payment of the depositors and creditors all the remaining assets belong to the bank. It is interested in seeing that the assets are not sacrificed, that the greatest amount possible be realized therefrom, and as a party to such proceeding it has a right to be heard on these questions, and it is the clear import of the statute that it be heard. If the bank possesses information, or if in the exercise of diligence it could acquire information that would constitute a reason for denying the application, it has the duty to disclose this information to the judge hearing the application to aid him in passing upon the merits of the same. Whether or not such orders may be classified as ordinary judgments, nevertheless they are judgments of the judge considering the applications on their merits. They may not be treated as mere empty words to be disregarded at will. They can be set aside only in the manner in which ordinary judgments are set aside in equity. The judgments of a court of competent jurisdiction may be set aside in equity for fraud or acts of the adverse party unmixed with the negligence or fault of the petitioner. Code, § 37-219. Equity will set aside such a judgment only where the party has a good defense of which he was entirely ignorant, or where he is prevented from making it by the fraud or the act of the adverse party "unmixed with fraud or negligence on his part." § 37-220. The grounds upon which it is sought to set aside the judgments or orders of the judge of the superior court would have constituted defenses to the application for such orders. Will the petitioners be heard to say that they were ignorant of such defenses or that they were

prevented from presenting them by the fraud or acts of the adverse party? On the question as to the correct amounts of the various debts settled, these petitioners, as stockholders of the bank, knew or by the exercise of proper diligence could have known the correct amounts of such debts as well as the securities therefor. *Manning* v. *Wills,* 193 *Ga.* 82 (2) (17 S. E. 2d, 261). In the case last cited this court (page 89) quoted with approval from *Oliver* v. *Oliver,* 118 *Ga.* 362 (45 S. E. 232), as follows: "If the market or contract price of the stock should be different from the book value, he would be under no legal obligation to call special attention to that fact; for the stockholder is entitled to examine the books, and this source of information, at least theoretically, is equally accessible to both." No reason is alleged in the present amended petition why the records disclosing these debts and securities therefor were not available to the petitioners as well as the superintendent. It must be held that it was due entirely to the fault of the petitioners that this portion of the case was not presented in opposition to the application for the orders to settle. There is no allegation in the petition to rebut the presumption that in compliance with the law an appraisal of the assets of the Upshaw estate was filed, and that this disclosed fully the value of that estate, and hence the value of the shares in that estate pledged as security for the debts settled. If the petitioners did not know what the record there would disclose, it was due to their negligence, and hence this negligence is inseparably mixed with the alleged fraud of the debtors and the superintendent of banks. Nor do the petitioners deny that they knew of other properties owned by the debtors. The petition does not allege grounds upon which equity may set aside the orders or judgments complained of. See *Kenan* v. *Miller,* 2 *Ga.* 325; *Graham* v. *Graham,* 137 *Ga.* 668 (74 S. E. 426); *Hightower* v. *Williams,* 104 *Ga.* 608 (30 S. E. 862); *Beddingfield* v. *Old National Bank &c. Co.,* 175 *Ga.* 172 (165 S. E. 61); *Huson Ice & Coal Co.* v. *Covington,* 178 *Ga.* 6 (172 S. E. 56); *Rawleigh Co.* v. *Seagraves,* 178 *Ga.* 459 (173 S. E. 167). Therefore the amendment allowed subject to demurrer, in which it was sought to partition described land, meets the same fate as the petition, since, as ruled, there was nothing to amend by. Code, §§ 81-1301, 81-1302; *Davis* v. *Muscogee Manufacturing Co.,* 106 *Ga.* 126 (32 S. E. 30); *Gunn* v. *Head,* 116 *Ga.* 325 (42 S. E. 343);

534

*Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292 (45 S. E. 220); *Owens* v. *Owens*, 190 *Ga.* 191, 193 (8 S. E. 2d, 644).

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Atkinson and Wyatt, JJ., concur.*