MANNING, agent, *v.* CARROLL *et al.*

No. 16237.   June 18, 1948.   Rehearing denied July 16, 1948.

G. B. Walker and H. E. Edwards, for plaintiff in error.

Moise, Post & Gardner, contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The second and third special grounds of the amended motion for new trial complain that the court erred in admitting, over objection of the defendant, testimony of the petitioners to the effect that they understood they were getting all the interest which C. A. Upshaw had in the estate. The ground of objection was that the contract speaks for itself and was the best evidence, and the petitioners should not be permitted to testify what they thought they were buying.

The evidence shows that someone other than the petitioners prepared the language in the contract, which states that the undersigned agreed to buy "All that tract or parcel of land lying and being in C. A. Upshaw 1/7 undivided interest in the W. T. Upshaw estate."

The above language of the contract, defining what interest the petitioners were buying, was ambiguous, and the court did not err in admitting the testimony complained of. Code, § 38-502.

The fourth special ground complains that the court erred in admitting the contract for the sale of land, which is the basis of the petitioners' action, over the objection of the defendant that the contract is indefinite, uncertain, and does not describe any property on which the court can base a decree.

The fifth special ground complains that the court erred in allowing the petitioners to amend the sales contract and substitute an entirely new description.

Though the description of the land as contained in the contract was insufficient to be the basis of a decree for specific performance, a definite and specific description could be supplied by amendment. "In an action for specific performance of an agreement to convey land, the petitioner may in the same proceeding have the description of the land reformed so as to fulfill the manifest intention of the parties to the agreement." *Martin* v. *Oakhurst Development Corp.*, 197 *Ga.* 288 (3) (29 S. E. 2d, 179).

The description of the property in question as amended was not too indefinite, and the trial court did not err in allowing the contract to be introduced in evidence.

The instant case is distinguished by its facts from *Washington Mfg. Co.* v. *Wickersham,* 201 *Ga.* 635 (40 S. E. 2d, 206), wherein a description, contained in a written contract, that the defendant agrees to convey "all land, buildings, and machinery located on property on west side of Georgia Railroad tracks in City of Washington, Georgia," standing alone, was held to be too indefinite to authorize a decree for specific performance.

The sixth special ground complains that the court erred in admitting a designated part of the record in the prior suit to cancel the contract, for the purpose of showing that the present defendant, having intervened in that proceeding, is now estopped to raise any question as to the sufficiency of the description in the contract for the sale of land, over the objection that such an adjudication and estoppel could not supply a deficient description relative to land, and that estoppels are not creative but negative.

The portion of the record in the prior case that is objected to contained references to deeds describing the property now in litigation. As pointed out in the third division of this opinion, estoppel is negative. However, the portion of the record in the prior case was admissible for the purpose of showing a correct description of the land, and the trial court did not err in allowing the same in evidence over the objection urged thereto.

The seventh special ground complains that the court erred in directing a verdict for the petitioners, as the defendant on the trial of the case pleaded accord and satisfaction, and that under the evidence the court should have submitted this issue to the jury.

Various letters between an attorney who represented the present petitioners, who were defendants in the prior suit, and the defendant were introduced in evidence. The correspondence shows in effect that after termination of the prior suit the present petitioners offered to pay whatever amounts were due by them, and requested the defendant to cancel and surrender certain notes and deeds to secure debt, and also requested the defendant to execute a quitclaim deed as provided in the contract

now before the court. The defendant answered, stating that he would surrender the notes and security deeds (which involved other settlements between heirs of the W. T. Upshaw estate and the bank), but that he would not execute a quitclaim deed. The petitioners paid the amount due by them, and the defendant canceled and surrendered the other papers. So far as appears from the record, the other notes and security deeds were not canceled and surrendered in satisfaction of the contract to sell land. While the defendant testified that the attorney for the petitioners stated orally that it was not necessary to execute the quitclaim deed, such attorney, who was sworn as a witness for the defendant, testified that there was no settlement or mention of settlement, but that the amount due by the petitioners was paid to lay a foundation for the present suit for specific performance.

The evidence was insufficient to raise an issue of accord and satisfaction within the meaning of Code § 20-1201, and the trial court did not err in failing to submit such issue to the jury.

■ The first special ground complains that the court erred in directing a verdict for the petitioners, as the defendant pleaded that the contract sued on was without adequate consideration; and that under the evidence the consideration for the sale of the bank's interest in the land involved was wholly inadequate; and that the court erred in taking this issue away from the jury and in ordering specific performance of the contract.

The petitioners in the present case were the defendants in the prior case, which sought cancellation of various contracts, including the one here involved, on the ground among others that the consideration therefor was inadequate, and counsel for the petitioners (who are now defendants in error) insist that under the principle of res judicata the defendant in the trial court was estopped from denying that the consideration in the contract was adequate, and that therefore the evidence demanded a verdict finding in favor of specific performance.

After the judgment sustaining a demurrer and dismissing the prior case was affirmed (*Rucker* v. *Upshaw*, 199 *Ga.* 529, 34 S. E. 2d, 602), the then defendants filed the present petition for specific performance. They alleged in the present petition that the defendant now before the court was precluded from raising any issue as to inadequacy of consideration. This insistence is not.

well founded for the reason that estoppel is negative, not creative. See *Reese* v. *Spence,* 188 *Ga.* 349 (4 S. E. 2d, 244); *Hughes* v. *Cobb,* 195 *Ga.* 213, 231 (5) (23 S. E. 2d, 701), and cases cited.

Whether the consideration in the contract for the sale of land was inadequate, was one of the principal issues in this case. The evidence for the petitioners was to the effect that there had been much litigation over the W. T. Upshaw estate, and that the consideration was fair and adequate. However, there was evidence for the defendant from which a jury could have found that the estate in question was worth approximately $18,000, and that the 1/7th undivided interest, which the bank agreed to sell for $500, was worth $2500. Under the conflicting evidence, an issue of fact was involved, which should have been submitted to the jury, and the trial court erred in directing a verdict in favor of the petitioners.

■ The eighth special ground complains that the court erred in directing a verdict and decreeing the 77-acre tract to be in the petitioners, for the reason that the petition shows on its face that, prior to the contract of sale involved in this suit, the administrators sold the tract of land sued for, divested the W. T. Upshaw estate and all his heirs of any interest they may have had therein, and in pursuance of said sale the administrators deeded the same to the bank and to named heirs of the estate.

This is an elaboration of the general grounds, and since the judgment refusing a new trial is reversed for the reason set forth in the third division of this opinion, it becomes unnecessary to pass upon the sufficiency of the evidence to support the verdict.

*Judgment reversed.* *All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*