MANNING *v.* CARROLL *et al.*

WYATT, Justice. 1. The subject-matter of this litigation was involved in *Rucker* v. *Upshaw,* 199 *Ga.* 529 (34 S. E. 2d, 602). The instant case was before the court in *Manning* v. *Carroll,* 204 *Ga.* 100 (48 S. E. 2d, 737). A full statement of facts will be found in these two cases and will not be stated again here. The exception now before the court is to a judgment overruling a motion for new trial as amended, filed by the defendant in the court below.

2. The first, second, and third grounds of the motion for new trial complain because the trial court, over objection, admitted in evidence testimony to the effect that it was the intention of the parties, when the contract sought to be specifically performed was drawn and executed, that the one-seventh interest of C. A. Upshaw should include the one-fifth interest in the property then owned by the Milton County Bank, formerly owned by C. A. Upshaw. When this case was previously before this court (*Manning* v. *Carroll,* 204 *Ga.* 100, 105), this court said:

"The second and third special grounds of the amended motion for new trial complain that the court erred in admitting, over objection of the defendant, testimony of the petitioners to the effect that they understood they were getting all the interest which C. A. Upshaw had in the estate. The ground of objection was that the contract speaks for itself and was the best evidence, and the petitioners should not be permitted to testify what they thought they were buying. The evidence shows that someone other than the petitioners prepared the language in the contract, which states that the undersigned agreed to buy 'All that tract or parcel of land lying and being in C. A. Upshaw 1/7 undivided interest in the W. T. Upshaw estate'.

"The above language of the contract, defining what interest the petitioners were buying, was ambiguous, and the court did not err in admitting the testimony complained of.  Code, § 38-502." This ruling becomes the law of the case, and controls this contention adversely to the

plaintiff in error. See *Walden* v. *Nichols,* 204 *Ga.* 532 (50 S. E. 2d, 105), and cases there cited.

3. The fourth ground complains because the court, over objection, admitted in evidence the testimony of an attorney, the substance of which was that he was able, by using the contract sought to be specifically performed as a key or starting point, to secure a correct description of the property involved. In *Manning* v. *Carroll,* supra, this court said: "Though the description of the land as contained in the contract was insufficient to be the basis of a decree for specific performance, a definite and specific description could be supplied by amendment." If this description could be supplied by amendment, as a matter of course it could also be supplied by proof. This ruling became the law of the case, and controls adversely to the plaintiff in error the contention here made.

4. The fifth special ground complains because the court, over objection, admitted in evidence a summary of the case of *Rucker* v. *Upshaw,* supra. When the instant case was before this court in *Manning* v. *Carroll,* supra, this court said: "However, the portion of the record in the prior case was admissible for the purpose of showing a correct description of the land, and the trial court did not err in allowing the same in evidence over the objection urged thereto." This ruling became the law of the case, and controls adversely to the plaintiff in error the contention here made.

5. The sixth special ground complains because the court excluded from evidence "an original audit, which contained a letter stating that it was made in accordance with instructions given by R. E. Gormley to ascertain the condition of the Milton County Bank on December 12, 1932." The seventh special ground complains because the court excluded from evidence a letter written by the Superintendent of Banks to G. C. Adams, Liquidating Agent. "A letter is not admissible in evidence without proof of its being genuine, and this proof can not be supplied solely by what appears on the face of the letter itself, to wit, the contents, the letterhead, etc." *Freeman* v. *Brewster,* 93 *Ga.* 648 (6) (21 S. E. 165). See also *Kent & Downs* v. *Wadley Southern Ry. Co.,* 136 *Ga.* 857 (72 S. E. 413), and *Johnson & Shahan* v. *East Tenn. &c. R. Co.,* 90 *Ga.* 810 (17 S. E. 121). There being no effort made to prove the execution of the letters offered, or that they were genuine, it was not error to exclude them from evidence.

6. The eighth special ground complains of the following excerpt from the charge of the court: "Where a written contract contains a provision which is ambiguous and uncertain in its meaning, but where the parties to the contract have given to this provision a construction and have acted upon it, such provisions of the contract will be construed accordingly. It is contended by plaintiffs in this case that the parties to the contract did construe the same as contended now by the plaintiffs. The defendant in this case, gentlemen, denies that contention. That is an issue which you are to determine." The criticism is, "because there was no ambiguity in the contract." When this case was before this court (*Manning* v. *Carroll,* supra), it was expressly held that the contract was ambiguous. It follows that there is no merit in this exception.

7. The ninth special ground complains of the following excerpt from the charge of the court: "Now, gentlemen, in passing upon the adequacy of consideration under this contract its adequacy must be tested by the facts and conditions as they existed at the time of the execution of the contract. If the consideration was adequate at the time the contract was made, the mere fact, if it were shown to be a fact, that since that time conditions have changed, which later increased the value of the assets, that would not mean that the consideration was inadequate at the time of the purchase. That is, the fairness in the adequacy of this contract, gentlemen, must be judged as of conditions as they existed at the time the contract was made; if it was fair then, it would be fair now, even though under present conditions if the same contract had been made you might find that it was not fair or adequate." The criticism is that there was no contention that the adequacy of the consideration "was based at any other time than when the contract was made." The charge complained of stated a correct principle of law, and was properly given. See *Matthews* v. *Blanos,* 201 *Ga.* 549 (3) (40 S. E. 2d, 715).

8. The tenth special ground contends that the adequacy of the consideration was not shown by the evidence. We deem it sufficient to say that there was abundant evidence as to this feature of the case.

9. The eleventh special ground complains because the court submitted to the jury a form of verdict under which they could find the 77-acre tract of land "as being involved in the contract." This was the real issue in the case, and this contention is without merit.

10. The twelfth and thirteenth special grounds are a mere amplification of the general grounds.

11. Insofar as the general grounds are concerned, enough has been said above in this opinion to demonstrate that there was sufficient evidence to authorize the verdict. When this case was here before (*Manning* v. *Carroll,* supra), it was said: "Whether the consideration in the contract for the sale of land was inadequate, was one of the principal issues in this case. . . Under the conflicting evidence, an issue of fact was involved, which should have been submitted to the jury, and the trial court erred in directing a verdict in favor of the petitioners." That ruling became the law of this case, and we are, therefore, precluded from going into the question of whether or not the order of the judge of the superior court authorizing the sale of this land is res adjudicata on this question, but see *Rucker* v. *Upshaw,* supra, and *Mobley* v. *Marlin,* 166 *Ga.* 820 (144 S. E. 747). It follows that the judgment complained of was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 16851. November 15, 1949.

*J. V. Poole, G. B. Walker,* and *H. E. Edwards,* for plaintiff in error.

*Moise, Post & Gardner,* contra.