18815.   PAYNE *v.* JONES, executrix.

Argued January 10, 1955—Decided February 14, 1955.

*Hammond Johnson, Johnson & Johnson,* for plaintiff in error.
*Telford, Wayne & Smith,* contra.

HEAD, Justice. ■ The defendant contends that the petition filed in the superior court by Mrs. Payne, seeking approval by the court of the contract to convey her one-half interest in the property now sought to be partitioned, established the contract between the parties as alleged in his answer. The allegations of the petition of Mrs. Payne are sufficient to show that, at the time of the filing of such petition, there was an existing contract. *Murray County* v. *Pickering,* 198 *Ga.* 354, 360 (31 S. E. 2d 722). The record does not contain any order by the judge of the superior court approving the proposed exchange of property, or the sale of the wife's property to her husband.

At the time of the filing of the wife's petition, Code § 53-504 was of full force and effect, and this section provided: "No con-

tract of sale by a wife of her separate estate to her husband or her trustee shall be valid, unless the same shall be allowed by order of the superior court of the county of her domicile." Under this Code section it has been held many times that a deed by a wife for the sale of her separate estate to her husband without an order of approval by the judge of the superior court of her domicile is void. *Hood* v. *Perry,* 75 *Ga.* 310; *Fulgham* v. *Pate,* 77 *Ga.* 454, 455 (2); *Carpenter* v. *Booker,* 131 *Ga.* 546 (62 S. E. 983, 127 Am. St. R. 241); *Stonecipher* v. *Kear,* 131 *Ga.* 688 (2) (63 S. E. 215, 127 Am. St. R. 248); *Echols* v. *Green,* 140 *Ga.* 678 (3) (79 S. E. 557); *Rich* v. *Rich,* 147 *Ga.* 488 (94 S. E. 566).

"Courts of equity will not enforce a contract if it is of such character as contravenes the policy of our law." *Thomas* v. *Holt,* 209 *Ga.* 133 (70 S. E. 2d 595). See also *Trainer* v. *City of Covington,* 183 *Ga.* 759 (189 S. E. 842); *Robinson* v. *Reynolds,* 194 *Ga.* 324 (21 S. E. 2d 214); *Foster* v. *Allen,* 201 *Ga.* 348, 349 (3) (40 S. E. 2d 57); *Hanley* v. *Savannah Bank & Trust Co.,* 208 *Ga.* 585, 586 (68 S. E. 2d 581); *Glosser* v. *Powers,* 209 *Ga.* 149 (71 S. E. 2d 230). In *Dorsett* v. *Garrard,* 85 *Ga.* 734, 738 (11 S. E. 768), the general rule is stated to be: "If a contract be illegal as against public policy, its invalidity will be a defense while it remains unexecuted. If the illegal contract be in part performed and money has been paid in pursuance of it, no action will lie to recover the money back."

In *Webb* v. *Harris,* 124 *Ga.* 723, 730 (53 S. E. 247), it was held: "If the wife conveys to the husband, she has the right to elect either to apply to the superior court for an order making absolute her title, which is only provisional, or she may repudiate the transaction altogether. If she desires the title to be made complete, an order of the superior court is essential. If she desires to repudiate the transaction, nothing is needed except an act of repudiation on her part. Until the sale is approved by the superior court, the husband deals with the property as his own at his risk and pays out money at his peril."

Code § 53-504 was repealed by an act of the General Assembly approved February 15, 1950 (Ga. L. 1950, p. 174). The repeal of this statute did not confer upon the defendant any additional rights or powers under the facts of this case. After the repeal of the statute the wife did not make a deed to the de-

fendant, nor does it appear that there was any renewal of the pre-existing contract. Under the law the wife had a vested ground of defense to any action by the defendant asserting title to the property of the wife. This vested defense of the wife, based on the restriction of Code § 53-504, could not be defeated by a repeal of the statute which limited the right of the wife to convey her individual property. "A vested ground of defense is protected from being destroyed by an act of the legislature." *Guest* v. *Stone,* 206 *Ga.* 239, 243 (56 S. E. 2d 247) ; *Bullard* v. *Holman,* 184 *Ga.* 788 (193 S. E. 586, 113 A. L. R. 763).

The contention of the defendant, that the executrix would have to restore, or offer to restore any amounts paid to the wife by him as a condition precedent to asserting an interest in the land described, is without merit. Code § 37-104, upon which the defendant relies, relates to an action wherein the complainant, who is seeking cancellation, must restore, or offer to restore, any benefits received under the instrument sought to be canceled. In the present case the executrix of the wife is not seeking cancellation. She is relying on a recorded title to the property which she seeks to have partitioned. If the defendant, as contended, paid money to the wife without first procuring approval of the alleged contract by the judge of the superior court, he did so at his own peril, and he can not insist in this action upon restitution by the executrix of the wife as a condition precedent to a judgment of partition. *Wellborn* v. *Johnson,* 204 *Ga.* 389 (50 S. E. 2d 16) ; *Dumas* v. *Dumas,* 206 *Ga.* 767 (58 S. E. 2d 830).

■ Assuming, but not deciding, that the defendant's evidence may have been sufficient to authorize the jury to find that he made payment pursuant to the wife's petition for approval of her contract with him, such a finding was not demanded as a matter of law. The executrix introduced copies of the tax returns of the defendant and his wife, made subsequently to the alleged contract between them. In 1950 the defendant signed a tax return, showing the defendant and his wife as joint owners of the property sought to be partitioned. In 1951 the wife returned the property in like manner, and again in 1952. In 1953 the defendant returned the property as that of the defendant and wife jointly. From these tax returns the jury would have been authorized to infer that the purported contract was never con-

summated, and that it was abandoned by mutual consent.

■ Inadequacy of price may justify a court of equity in refusing to decree specific performance of a contract; so also any other fact showing the contract to be unfair, unjust, or against good conscience. Code § 37-805.

There is nothing in the pleadings of the defendant, or in the evidence, upon which a court of equity might base a decision that the alleged contract between the husband and wife was fair, just, and equitable, and one that in good conscience should be performed (if otherwise lawfully authorized). Consequently, under the rules stated in *Coleman* v. *Woodland Hills Co.*, 196 *Ga.* 626 (27 S. E. 2d 226), *Jenkins* v. *Evans*, 202 *Ga.* 423 (43 S. E. 2d 501), *Holliday* v. *Pope*, 205 *Ga.* 301 (53 S. E. 2d 350), and *Harris* v. *Abney*, 208 *Ga.* 518 (67 S. E. 2d 724), the court could not properly have submitted to the jury the question as to whether or not the contract between the defendant and his wife should be specifically performed.

■ From the foregoing rulings, it must be held that the judge of the superior court did not err in granting the motion for new trial.

*Judgment affirmed. All the Justices concur.*