## 21001. LAWS v. OAKEY.

ARGUED SEPTEMBER 15, 1960—DECIDED OCTOBER 6, 1960—
REHEARING DENIED OCTOBER 18, 1960.

*B. M. Wimberly,* for plaintiff in error.
*T. Blake Jackson,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the order of the trial court, entering on motion of the plaintiff a summary judgment permanently enjoining the defendant from trespassing or going upon the premises described in the petition and from interfering with the plaintiff's possession.

The summary judgment was entered on motion of the plaintiff, on the pleadings and exhibits thereto of the parties, and the affidavit of the plaintiff as provided by the act of 1959 (Ga. L. 1959, p. 234; *Code Ann.* § 110-1201), authorizing the court to enter a summary judgment. In the instant case the plaintiff in his petition and exhibits thereto asserted title to and possession of a described lot of land in Fulton County, and alleged that the defendant was trespassing on the land and attempting to remove a building thereon. As evidence of his title, the plaintiff attached as exhibits: (a) a warranty deed from William Dodson to Peyton L. Guest, dated January 10, 1907; (b) a quitclaim deed from Mrs. Maude A. Guest, widow of Peyton L. Guest, and as executrix of his estate, to Simisco Lumber Company, a corporation, dated November 12, 1957; and (c) a warranty deed from Simisco Lumber Company to John F. Oakey,

dated October 2, 1958. All of the deeds covered the described premises.

The defendant by his answer and cross-bill relied on his right to possession of the premises by virtue of a deed from the City of Atlanta to S. R. Higgins, dated March 3, 1947, under a tax execution issued against a vacant lot in "Land lot 112 in the 14 district of originally Henry, now Fulton County, Georgia, fronting 43 3/10 feet on the west side of Paines Ave., between Fox and Pelham Streets, and running back 132 feet, more or less, in a westerly direction," levied on as the property of "Mrs. P. L. Guest," the city having bought in the premises described above at a tax sale. Attached to his answer was a warranty deed from S. R. Higgins to the defendant, covering the property as described in the deed from the City of Atlanta to Higgins, and deeds from the defendant to Harold E. Williams, dated December 14, 1957, and from Williams to the defendant, dated October 4, 1958.

The claims of the defendant that he either has good paper title to the premises in controversy or has a prescriptive title by reason of seven years adverse possession under color of title cannot be sustained. The tax deed to the City of Atlanta and the deed from the City of Atlanta to S. R. Higgins, not containing such a description of the lot as to identify the land sought to be conveyed, were insufficient to operate either as conveyances or as color of title. *Crawford v. Verner,* 122 Ga. 814(1) (50 S. E. 958); *Conyers v. West,* 210 Ga. 190 (78 S. E. 2d 422).

The pleadings and exhibits disclosing that the plaintiff as against the defendant had a paper title to the described premises, the court properly struck the cross-petition of the defendant, attempting to set up title in himself, and it appearing without dispute that the defendant was trespassing upon the premises and interfering with the plaintiff's right of possession, it was not error to grant the plaintiff's motion for a summary judgment. See: *McArthur & Griffin v. Matthewson & Butler,* 67 Ga. 134 (1); *City of Blue Ridge v. Kiker,* 190 Ga. 206(1) (9 S. E. 2d 253).

*Judgment affirmed. All the Justices concur.*