### 23339. ANTHONY v. MORRIS HYLES, INC.

DUCKWORTH, Chief Justice. This is a specific performance case in which the defendant answered denying ownership of the real property, the value of the land as alleged, the adequacy of price, and set forth allegations of fact as to fraud and deception in the signing of the contract in the attorney's office in which it is uncertain just whom the attorney represented at the execution of the contract of purchase. The court sustained general demurrers to the amended answer and thereafter granted the prayers for specific performance. The appeal is to these rulings of the court. *Held:*

1. "Mere inadequacy of price, though not sufficient to rescind a contract, may justify a court in refusing to decree specific performance; so also any other facts showing the contract to be unfair, or unjust, or against good conscience." *Code* § 37-805; *Studer v. Seyer,* 69 Ga. 125; *Holliday v. Pope,* 205 Ga. 301 (53 SE2d 350).

2. The pleadings as amended allege the fair market value of the land to be $3,715 per acre, the contract price being $4,000 per acre; whereas, the amended answer alleges inadequacy of price and that the fair market value is $5,000 per acre. In addition, the amended answer denies ownership of the land, and other facts and circumstances which create issues of fact for determination. The court erred in sustaining the general demurrer to the answer as amended.

3. The court then in effect granted a summary judgment, apparently on the theory that the case was in default with the answer stricken and no genuine issue of fact remained. How-

ever, the erroneously stricken answer made issues demanding proofs. There should have been evidence to show the contract was fair, the consideration adequate, and that it would be just and equitable to decree specific performance; and since the judgment is without evidence supporting these issues, the court erred in granting the final decree. *Jones v. Smith*, 206 Ga. 162 (56 SE2d 462) ; *Payne v. Jones*, 211 Ga. 322 (3) (86 SE2d 3) ; *Laws v. Oakey*, 216 Ga. 408 (116 SE2d 575) ; *Hudson v. Hampton*, 220 Ga. 165 (137 SE2d 644) ; *Ray v. Sears*, 220 Ga. 521 (140 SE2d 194).

4. For both of the foregoing reasons the judgment is reversed.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 14, 1966—DECIDED MARCH 10, 1966.

*Edenfield, Heyman & Sizemore, Benjamin H. Oehlert, III,* for appellant.

*Lee R. Redmond, Jr., Thompson & Redmond, L. M. Layfield, Jr., William B. Hardigree, Hatcher, Stubbs, Land & Rothschild,* for appellee.