23676.   ANTHONY v. MORRIS HYLES, INC. et al.

Argued September 13, 1966—Decided October 6, 1966—
Rehearing denied October 20, 1966.

*Gilbert, Patton & Carter, Horace E. Campbell, Jr.*, for appellant.

*Thompson & Redmond, L. M. Layfield, Jr.*, for appellees.

Cook, Justice. Morris Hyles, Inc., brought an action against Blanchard Anthony for specific performance of a written contract to sell described land. In *Anthony v. Morris Hyles, Inc.*, 221 Ga. 847 (148 SE2d 326), this court held that the trial judge erred in sustaining the general demurrer to the answer of the defendant and thereafter entering a judgment of specific performance for the petitioner.

On the trial of the case the judge submitted the issues of fact to the jury on four special questions, the questions and answers of the jury being as follows:

"1. From the evidence in this case, what amount per acre do you find was the fair market value of the property in question on January 29, 1964? Answer: Four thousand dollars.

"2. Do you find that the contract in question was signed by both parties on January 29, 1964, and was the description attached prior to the execution? Answer: Yes.

"3. Was Mr. Clyde Armour secretly representing the interests of Morris Hyles and Morris Hyles, Inc., to the detriment of Blanchard Anthony in this transaction? Answer: No.

"4. At the time of the signing of the purported contract did Morris Hyles believe he was entering into a valid contract for the purchase of the land? Answer: Yes."

The appeal is from the judgment granting specific performance, entered pursuant to the verdict of the jury on these questions. The only error enumerated is the failure of the trial judge to submit to the jury, on written request of the appellant, the following special question: "Had Clyde Armour represented to Blanchard Anthony that he could not convey this property without the consent of Arthur Anthony?"

In the appellant's amended answer he asserted that Clyde Armour, the attorney who prepared the contract, had advised the appellant that he could not convey the property described in the contract without the participation and consent of Arthur M. Anthony, a nephew of the appellant, and that the attorney so advised him on the date the contract was signed. The evidence showed, without conflict, that the only interest Arthur M. Anthony had in the property was that indicated in a letter from the appellant to him, as follows: "This letter is given to you to confirm our agreement this day whereby you are deeding to me the 8.539 acres of land on the Reese Road in consideration of my canceling your obligation to me in the sum of $28,000.00 and I agree that should I sell this property at any time within the next ten years, that I will split any profit I make on this property 50-50 with you after the payment of all taxes, insurance, interest on money, repairs, improvements and sales costs." There is no evidence in the case that Clyde Armour at any time prior to, or on the date of, the execution of the contract, represented to the appellant that he could not convey the property without the consent of Arthur Anthony. Statements made after the execution of the contract could have no significance as to its validity.

Since there was no evidence on the trial on the question which the appellant requested the trial judge to submit to the jury, there was no error in his refusal to submit such question. *Allen v. Allen,* 198 Ga. 269 (5) (31 SE2d 483).

*Judgment affirmed. All the Justices concur.*