## 30125. SAINE v. CLARK.

JORDAN, Justice.

In 1962, appellant Saine leased certain real estate to the appellee Clark for 6 years with an option which entitled the lessee to purchase the property at the termination of the lease, provided the lessee was not in default under any of the provisions of the lease.

The appellee sought to exercise the option at the end of the lease term and tendered the stated purchase price to the appellant. When appellant refused, appellee subsequently brought an action to have the purchase option agreement specifically performed. From a jury verdict and judgment ordering specific performance of the option the appellant brings this appeal.

1. Appellant enumerates as error the denial by the trial court of her motions to dismiss and for directed verdict, contending that the option was too indefinite to be specifically enforced, citing *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99 (97 SE2d 129) (court of equity will

not decree specific performance of contract for sale of land unless there is a definite and specific statement of the terms of the contract).

The description of the land in this lease is shown by militia district, county and state, shows adjoining property owners on two sides, a state highway on another, and the thread of Little River on the other, and specifically refers by date and record to two deeds, containing "200 acres, more or less." In our view, this description is sufficient.

The recital of a tract as being of a certain acreage "more or less" or "approximately" does not render the description indefinite and the calculation of the purchase price therefrom will not bar the specific enforcement of the contract. *Penta Investments, Inc. v. Robertson,* 230 Ga. 401 (197 SE2d 358); *Chewning v. Brand,* 230 Ga. 255 (196 SE2d 399).

Appellant also contends that specific performance of the purchase option could not be ordered and that a directed verdict should have been entered because the appellee was in default under a number of the terms of the agreement. The appellant specifically points to a provision of the lease that required the lessees to keep all of the buildings upon the property in good repair and to the evidence of the appellee's having allowed a house on the premises to become "completely deteriorated."

While a party seeking specific performance of a contract must show substantial compliance with his part of the agreement, and the breach of a material condition will bar a decree of specific performance (*Pope v. Cole,* 223 Ga. 448 (156 SE2d 36); *Hudson v. Hampton,* 220 Ga. 165 (137 SE2d 644); *Lee v. Lee,* 191 Ga. 728 (13 SE2d 774)), we do not think that the trial court erred in this case in overruling the appellant's motion for directed verdict. The question of the lessee's default was properly submitted to the jury.

The appellant's contention that the lessee's notice of intention to exercise the option was ineffective because it imposed terms not contained in the option is without merit.

2. Appellant argues that the appellee failed to show that the lease-purchase contract was fair and that a

decree ordering specific performance was therefore erroneous.

The party seeking specific performance must show that the contract is fair, that the consideration is adequate, and that it is just and equitable to be entitled to specific performance. *Anthony v. Morris Hyles, Inc.*, 221 Ga. 847 (148 SE2d 326); *Payne v. Jones*, 211 Ga. 322 (86 SE2d 3). However, it is well established that the fairness of the contract and the adequacy of consideration must be tested by the facts and conditions existing at the time the contract was made. *Manning v. Carroll*, 206 Ga. 158 (56 SE2d 278); *Matthews v. Blanos*, 201 Ga. 549 (40 SE2d 715). It is not disputed that the purchase price was fair when the lease-purchase agreement was drawn.

3. The trial court did not err in ordering a survey to determine acreage, inasmuch as the parties stipulated during the proceedings below to this method of ascertaining acreage, from which the purchase price was to be computed.

4. Appellant's other contentions are likewise without merit.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs specially.*

Submitted July 8, 1975 — Decided September 16, 1975 — Rehearing denied September 30, 1975.

*Fortson, Bentley & Griffin, Gene M. Winburn, Edwin Fortson,* for appellant.

*Lambert & Carter, James E. Carter, E. R. Lambert, Erwin, Epting, Gibson & McLeod, Eugene A. Epting,* for appellee.