## 30536. HOLIDAY v. HOLIDAY et al.

UNDERCOFLER, Presiding Justice.

Tammer L. Holiday filed a complaint in equity against Milton and Lucile Holiday in which she alleged that she was the equitable owner of certain property in Houston County; that the defendants claim title to the property under two warranty deeds dated in 1964 and 1968; that the actual purchaser of the property was her late husband, Jimmy Holiday, whom she married in 1972; that she holds title to the property under the last will and testament of Jimmy Holiday and under two executor's deeds; that following the acquisition of the land in 1964 Jimmy Holiday had a house constructed on it, farmed the vacant portions of it, and paid taxes on it.

The defendants answered the complaint and moved for a summary judgment with supporting affidavits. The supporting affidavits showed that Milton Holiday purchased the lots of land in 1964 and 1968 with his own money, that no one ever paid him any money for the land; that he had a house constructed on the property and paid for the house with his own money; that after the house was built, he rented the house in 1967 to his uncle Jimmy Holiday, and his wife Mary, for $33 per month; that they paid him rent until 1972 when Jimmy Holiday became unable to work; that because of his disability, he did not demand the rent; and that there was no agreement between Jimmy Holiday and Milton Holiday concerning the land except the payment of the rent.

In opposition to the motion for summary judgment the complainant filed affidavits which showed that Jimmy Holiday contracted and paid for a concrete block house erected on the land; that from the date of her marriage to Jimmy Holiday in 1972 until his death in 1974, they lived in the house which she still occupies; that prior to his death Jimmy Holiday cultivated the land, and that Milton Holiday never demanded any rent from them and did not assert any claim to the property; that the taxes for 1971, 1972 and 1973 were paid by Jimmy and Tammer Holiday to Milton Holiday.

The motion for summary judgment of the defendants was properly granted by the trial court. The affidavits and

evidence in opposition to the motion did not dispute appellees' prior title. The opposing affidavits showed merely that Jimmy Holiday had contracted and paid for the house erected on the land, that he had possession and cultivated the land from 1964 until his death in 1974 without color of title, that Tammer Holiday has remained in possession of the land since his death and holds title to the property under Jimmy Holiday's will; and that taxes for 1971, 1972 and 1973 were paid by Jimmy Holiday. Compare *Laws v. Oakey,* 216 Ga. 408 (116 SE2d 575) (1960).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1976 — DECIDED FEBRUARY 2, 1976.

*A. O. B. Sparks, Jr.,* for appellant.
*Nunn, Geiger, Rampey, Buice & Harrington, George F. Nunn, Jr.,* for appellees.