· ATLANTA LAND & LOAN CO. *et al. v.* HAILE.

1. There were sufficient allegations in the original petition to authorize the amendment proposed by petitioner in this case; and the same being germane to the issue and adding no new cause of action, the court did not err in overruling the defendants' objection thereto.

2. When an amendment has been made to pleadings, the opposite party is not entitled to a continuance, when he fails to show that he is less prepared for trial than he would have been had such amendment not been made.

3. Where land is sold and notes are given for a part of the purchase-money, with the agreement between the vendor and the vendee that the former shall have a lien upon the land for the amount of such purchase-money notes until the same are paid ; and where such agreement is recited and recognized both in the deed from the vendor and in the notes given at the same time by the vendee, a valid equitable lien or mortgage is thereby created upon the property in favor of the vendor and his assigns.

(*a*) One who asserts title to the property by a subsequent conveyance from such vendee, which refers to the foregoing deed for "all necessary purposes," is chargeable in law with notice of the existence of such lien, and acquires the land subject to the equity of the original vendor and his assigns.

Submitted December 20, 1898. — Decided February 11, 1899.

Equitable petition.   Before Judge Lumpkin.   Fulton superior court.   March term, 1898.

*Arnold & Broyles*, for plaintiffs in error.
*T. L. Bishop* and *W. P. Andrews*, contra.

LEWIS, J.   T. J. Haile brought suit against the Atlanta Land & Loan Company and Mrs. R. C. Haile, for the purpose of foreclosing a lien as an equitable mortgage upon certain land. The material allegations of his petition were as follows:   A. J. Haile sold a half-interest in certain land to the Atlanta Land & Loan Company on the 26th of October, 1892, conveying the

same by an instrument purporting to be a warranty-deed, which had been duly recorded. By virtue of the terms of this deed it was alleged the same constituted a lien upon the land therein described, until the purchase-money mentioned in the deed should be paid in full. Mrs. R. C. Haile claims the land under a purported deed executed to her, which deed is alleged on belief to be fraudulent and without consideration; but nevertheless Mrs. R. C. Haile, before said transaction was made, had actual and constructive notice as to the character of the instrument whereby the land was conveyed by A. J. Haile to Atlanta Land & Loan Company, the latter being the grantor of Mrs. R. C. Haile. She was fully aware at the time, and is so aware of the fact now, that said deed was made as security for the payment of the purchase-money notes held by petitioner upon which he sued the Atlanta Land & Loan Company, and obtained judgment on November 14, 1894. It is further alleged that Mrs. R. C. Haile had full and complete knowledge of the transaction between A. J. Haile and the Atlanta Land & Loan Company, conveying said land, both as to the nature of the instrument conveying the same, the security retained, and the purchase-money notes. Attached to this petition was a deed from A. J. Haile to the Atlanta Land & Loan Company, executed on October 26, 1892, which recites the consideration to be $700, $200 of which had been paid before the sealing of the deed, and $500 of which was to be paid on or before February 1, 1893, as evidenced by four promissory notes of even date therewith, each for the sum of $125, and bearing interest from date until paid, and all payable to the order of said A. J. Haile, signed by said Atlanta Land & Loan Company, "and constituting and being a lien upon the property hereinafter conveyed until fully paid, principal and interest." Over objection of defendants' counsel, plaintiff amended his petition by alleging that the notes referred to in said deed "were purchase-money notes and reserved a lien to said grantor named in said deed until same should be fully paid." These notes were attached as an exhibit to the amendment, and each one recited that it was "given in payment for land on which this note is a lien until paid as stated in the

deed for same." One of these notes had been paid off, and plaintiff became the [purchaser of the remaining three, upon which he undertook to assert his equitable lien.

The defendants admitted the execution of the deed and the giving of the notes by A. J. Haile to the Atlanta Land & Loan Company, as charged in the petition, but denied that the pur-chase-money notes referred to were sold and transferred to pe-titioner, alleging that the transfer was not real, but only in form to render said A. J. Haile unable to pay his debts, among which was a debt due by A. J. Haile to defendant Mrs. R. C. Haile, amounting to the sum of $256.30. For further answer defendants alleged that Mrs. R. C. Haile had a good and valid title to, and possession of, said property for a valuable consid-eration, and denied that she had actual notice of the character of the deed from A. J. Haile to the Atlanta Land & Loan Com-pany, when she bought the land. They further denied that said deed was any security for the payment of the notes therein mentioned, but alleged that it was made to convey the title to said company, and not for the purpose of securing the debt. It appeared from the testimony that the petitioner purchased the three notes set forth in his petition, from his brother, A. J. Haile, the consideration being a credit given by petitioner on a debt due him by A. J. Haile. There was no evidence tend-ing to sustain the plea that this purchase and transfer of the notes to petitioner were made for a fraudulent purpose. The deed from A. J. Haile to the company was for a one-half undi-vided interest in the land, and the suit was to foreclose an equitable lien upon this interest. It appears that the other half-interest was owned by Mrs. R. C. Haile, the wife of A. J. Haile, which she acquired in 1886. The remaining half-inter-est formerly owned by her husband, and which he conveyed to the Atlanta Land & Loan Company, Mrs. Haile claimed by virtue of a conveyance from the company to her, dated January 12, 1893, consideration expressed $2,000, in which latter deed this language occurs: "The said and above-described two lots of land being the same conveyed to this company by the two deeds of one-half interest undivided each of R. C. Haile, dated May 21, 1892, and recorded in the office of the clerk of the su-

perior court of Fulton county, Georgia, on June 3rd, 1892, book
I 4, page 363, and A. J. Haile, dated October 26, 1892, and re-
corded in the office of the clerk of the superior court of Fulton
County, Georgia, Nov. 5, 1892, book L 4, page 283, and to both
of which reference is hereby made for all necessary purposes."
After the testimony on both sides was closed, the court directed
a verdict for the plaintiff for the sum sued for, namely, $375
principal, besides interest, and further finding in favor of the
plaintiff an equitable mortgage, and that the same be foreclosed
upon the property in dispute.

In the bill of exceptions is the following recital: "As the
court recollects, after the evidence had closed, the presiding
judge inquired if there was any contested question of fact to
be submitted to the jury, or if he should direct a verdict; and
as he understood, counsel on both sides conceded that if he
held that the papers in evidence created an equitable lien or
mortgage, and that the recital in one of the deeds affected Mrs.
Haile with notice, there was nothing to do but for the judge to
control the finding by his charge, parties not waiving any right
to except to his rulings. He charged accordingly. Counsel
for defendants did not consent for the court to direct the ver-
dict for plaintiff. They said there was a dispute as to the no-
tice, and denied that there was a lien. These were the only
questions of fact brought to the attention of the court, and it
was not claimed that there were others which should be sub-
mitted. The court held that the papers created a lien, and
that Mrs. Haile was charged with notice by recital in the deed."

1. One assignment of error in the bill of exceptions is, that
the court erred in allowing plaintiff to amend his petition, as set
forth above, by attaching thereto copies of the notes referred
to in the original petition. It is claimed that this added a
new cause of action; that plaintiff, in his original petition,
was insisting upon the foreclosure of a lien which grew out of
the terms of the deed from A. J. Haile to the Atlanta Land &
Loan Company; and that he had no lien by virtue of this
deed, but by virtue of the promissory notes themselves. The
original petition referred to the notes, had attached thereto a
copy of the deed which accurately described the notes; and we

think its allegations were amply sufficient to authorize the amendment.    The amendment set forth no new cause of action.    The original cause of action was an equitable lien or mortgage which the plaintiff insisted arose by virtue of the transactions between A. J. Haile, under whom plaintiff claimed, and the Land Company, whereby the land was sold by the former to the latter, a deed taken by one, and purchase-money notes by the other, and it was simply prayed in the amendment that the notes be construed in connection with the deed with a view of determining whether or not there was a reservation of a lien to the grantor, A. J. Haile.    The reference in the original petition to these notes, and the description of them given in the petition and exhibit thereto, certainly afforded a sufficient basis upon which to construct an amendment attaching the notes as an additional exhibit to the pleadings.

2. Upon the amendment being allowed, the defendants below moved for a postponement on the ground of surprise, and error is assigned upon the judgment of the court overruling this motion.    It appears from a note by the court, embodied in the bill of exceptions, that the only reason insisted upon by counsel for the defendants as to whether the case should be continued was that they desired to see their client, Mrs. R. C. Haile, and confer with her.    It appeared that she had been fully examined by interrogatories as to the notes, the question of notice, and the whole subject-matter included in the petition and the amendment, and that there was nothing new, and nothing more could be added by delay.    Defendants' counsel having utterly failed to bring themselves within the provisions of § 5128 of the Civil Code on the subject of continuance growing out of surprise on account of amendments to pleadings, the court did not err in overruling the motion.

3. There are other assignments of error, relating partly to admissions of testimony embraced in the bill of exceptions, but they are unimportant.    Under the view we take of this case, we think the undisputed evidence demanded a verdict for the plaintiff, and that the court did not err in directing the jury to so find.    We think the court below was clearly right in concluding that the contract entered into by the parties when the

property in dispute was sold by A. J. Haile to the company created a lien in favor of that grantor and his assigns upon the property for the payment of the purchase-money. This contract is evidenced by the deed, and the purchase-money notes specifically recite upon their face that such a lien is retained by the grantor. We do not think, therefore, there can be any question about the right of the grantor, or his assigns, to assert this lien as against the grantee or any one claiming under the grantee with notice of the existence of the lien. The only other question for consideration is, whether or not the defendant Mrs. R. C. Haile was chargeable with notice of the existence of this claim of lien because of the fact that the deed under which she claims the property in dispute refers to the instrument by virtue of which her grantor created the lien and acknowledged its existence. Even without this recital in the deed under which this defendant claims, she could not have obtained any greater title from the company than that company itself had; and we think she is chargeable with knowledge of the recitals in the deed by virtue of which her grantor held title. It is a well-settled principle of law, that recitals in deeds bind not only the parties thereto, but their privies in estate. Civil Code, § 5150; *Lamar* v. *Turner*, 48 *Ga.* 239; *Cruger* v. *Tucker*, 69 *Ga.* 557, and authorities cited in the opinion of Speer, Justice, on page 562. The recital of the lien, therefore, in the deed from A. J. Haile to the company not only bound it, but Mrs. R. C. Haile as grantee of the company, she being its privy in estate. The more especially is this true when it appears that the deed under which Mrs Haile asserts title to the premises in dispute refers to the prior deed made to the company, which had been duly recorded, and to which reference was specially made "for all necessary purposes."

               *Judgment affirmed. All the Justices concurring.*