## WRIGHT *v.* McCORD.

1. One who, for the purpose of inducing another to lend money to a third person
upon land as security, represents to the person from whom the loan is sought
that the land offered as security belongs to the proposed borrower, and who thus
procures the loan to be made, is, in a proceeding by the lender to subject the
land to his debt, estopped from thereafter denying that title to the same was
in the borrower at the time the deed was executed and asserting that title was
at the time in himself.
2. Where under such circumstances the lender reduces his claim to judgment and
reconveys the land to the borrower, and causes it to be levied upon, and the
person who so procured the loan to be made files a claim, the plaintiff in ex-
ecution, on the trial of the issue thus made and without special equitable
pleadings, is, upon the facts being made to appear as above stated, entitled,
as against the claimant, to a verdict and judgment subjecting the property to
the execution.

　　　　　Argued June 3, — Decided July 19, 1901.

Levy and claim. Before Judge Lumpkin. Fulton superior court.
October 20, 1900.

An execution based on a judgment rendered in 1899 in favor of
William S. McCord against John A. Wright was levied on certain
land as the property of the defendant, and a claim was interposed
by W. A. Wright. At the trial a verdict that the property was sub-
ject was rendered, by direction of the court. The defendant made
a motion for a new trial, on the grounds that the verdict was con-
trary to law and the evidence, and that the court erred in directing
the verdict, because the evidence did not show title in the defendant
before the judgment, nor possession after the judgment. The mo-
tion was overruled and the movant excepted. The plaintiff intro-
duced the execution, and three deeds to the land in dispute, one to
John A. Wright, dated in 1888 and recorded in 1889, one a loan
deed from John A. Wright to William S. McCord, dated and re-
corded in 1897, and one from William S. McCord to John A. Wright,
made for the purpose of levy and sale, and recorded prior to the

levy to which this claim was interposed; also two bank checks dated in June, 1897, signed by Charles Whitefoord Smith, one payable to John A. Wright and indorsed John A. Wright and W. A. Wright, and the other payable to H. M. Atkinson and indorsed H. M. Atkinson. Charles W. Smith testified as follows: "W. A. Wright told me that the property was his brother's, and he never intimated that the property was his until long after the loan deed had been made and a default in the interest. Application for the loan was brought to me by C. N. Allen and W. A. Wright. W. A. Wright told me that he represented John A. Wright, who lived in DeKalb county. The application had already been handed me, signed up, and I suppose it had been signed by John A. Wright, as his name was signed to it. Part of the money was paid to H. M. Atkinson, who held the prior mortgage on the property. The balance going to John A. Wright was paid in a check payable to his order. I never heard of W. A. Wright claiming any interest in the property until long after loan deed had been made and a default in the interest." The claimant testified: " When I made the application through C. N. Allen, I bought the property and paid every dollar of the purchase-price for same. The property was vacant when I bought it, and I built all houses on lot. I paid all taxes on same, repairs and insurance. John A. Wright was never in possession of the said property. I signed the name of John A. Wright to the application, believing that I had the right to sign it. I never told Mr. C. W. Smith that I signed it, because I did not think it necessary."

*T. C. Battle* and *W. I. Heyward,* for plaintiff in error.
*C. W. Smith* and *Arminius Wright,* contra.

LITTLE, J. 1. The above report of this case clearly shows a state of facts which would estop W. A. Wright, the claimant, from denying title to the land in question to have been in John A. Wright, the defendant in fi. fa., as against McCord, the plaintiff in fi. fa., at the time the loan was made by McCord to John A. Wright; it appearing that W. A. Wright acted for John A. Wright in securing the loan, and represented to the lender that title to this land which was offered as security was in John A. Wright, the loan having thereby been secured as desired, and McCord having taken a deed to the land from John A. Wright as security for the loan.

2. It is only claimed for the plaintiff in error that an equitable

estoppel can not be urged on the trial of a claim case, unless the pleadings so authorize. We do not agree with this contention. The only issue which was raised in this case was raised by the claimant, and the only question with which he was concerned was whether as to him the land levied on was subject to the execution. No one else had any interest in, or could be bound by, the judgment rendered in the case, except the plaintiff in fi. fa. and the claimant. If as to the claimant the land was subject, that was an end of the case; and this we think could be shown, as was done, without any amendment to the pleadings. It is in cases where for some equitable cause a verdict is to be molded in a claim case that there must be pleadings sufficient to indicate the character of the finding sought, and supported, perhaps, by a proper prayer. But where the naked question is whether the land levied on is subject to the legal process which has seized it, and this issue is raised upon an ordinary claim proceeding, we know of no reason why there should be separate pleadings alleging that the land is subject because the claimant is estopped from asserting his title. Proof of such estoppel determines the issue in favor of the plaintiff.

*Judgment affirmed. All the Justices concurring.*