Bennett, superintendent of banks, *v.* Benton *et al.*

Gilbert, J. 1. On the hearing in this court defendants in error moved to dismiss the writ of error on the following grounds, to wit: first, "there is no valid and sufficient assignment of error in the bill of exceptions;" second, "effort is made to assign error upon the judgment of the court sustaining a demurrer to the plaintiff's petition, but the said demurrer is neither set out in the bill of exceptions, nor attached thereto as an exhibit, nor specified as a part of the record to be transmitted, so that neither from the bill of exceptions nor from the record, nor both together, can this court determine what were the grounds urged in the said demurrer." *Held:* The motion is denied. The assignment of error is on the overruling of a demurrer, and the bill of exceptions recites: "Plaintiff in error specifies as error the judgment of the court sustaining the general demurrer and dismissing said case." This is sufficient. *McGregor* v. *Third National Bank,* 124 *Ga.* 557 (3) (53 S. E. 93); *Patterson* v. *Beck,* 133 *Ga.* 701 (66 S. E. 911); *Toomey* v. *Read,* 133 *Ga.* 855 (67 S. E. 100). The bill of exceptions recites that the defendants interposed a general demurrer to the petition, and that the court passed an order sustaining the general demurrer and dismissing the case, and error is assigned thereon, and the order of the court sustaining the general demurrer is specified as material to the inquiry, and the clerk certified and sent up as a part of the record the demurrer, at the bottom of which, on the same sheet of paper, is the order of the judge sustaining "the foregoing demurrer."

---

Appeal and Error, 3 C. J. p. 1385, n. 52; 4 C. J. p. 488, n. 21; p. 491, n. 57.

Banks and Banking, 7 C. J. p. 882, n. 60.

Pleading, 31 Cyc. p. 311, n. 53.

According to the foregoing facts we think the second ground of the motion to dismiss is without merit. Moreover, if the demurrer had not been sent up as a part of the record, this court is empowered to require it sent up. Civil Code (1910), § 6190.

2. The petition was not subject to the demurrers. The allegations were sufficient to set out a cause of action; and while there were several defendants, under the allegations of the petition all of these defendants were properly joined in the action. The petitioner, superintendent of banks, under the statute (Acts 1919, p. 160) represented the depositors of various insolvent banks enumerated in the petition, and these depositors, as creditors, were entitled to an accounting from all of the defendants, and a court of equity had jurisdiction to fix the several liabilities and to render a decree accordingly. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052) ; *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97) ; *Cowan* v. *Nicholson,* 158 *Ga.* 425 (123 S. E. 681) ; *Williams* v. *Bennett,* 158 *Ga.* 488 (123 S. E. 683).

3. The brief of counsel for defendants in error insists that the petition was demurrable for multifariousness. The general demurrers do not raise that question. A demurrer based upon that ground must point out the defects with particularity. *Dannelly* v. *Cuthbert Oil Co.,* 131 *Ga.* 694 (63 S. E. 257).        *Judgment reversed. All the Justices concur.*

No. 5053.  April 16, 1926.  Rehearing denied June 28, 1926.

Equitable petition. Before Judge Park. Jasper superior court. August 10, 1925.

A petition in equity was brought by the State superintendent of banks, T. R. Bennett, against L. O. Benton, Bankers Trust & Audit Co., Georgia Bond Investment Co., and Southern Investment Co. Briefly, the allegations of the petition, as amended, are that in the performance of his official duties petitioner had taken over several named banking institutions, alleged to be insolvent, located at different points within the State; that, acting on behalf of depositors of the institutions named, he had levied certain assessments upon the holders of stock in said insolvent banking institutions; that at the time said insolvent banks were taken over by petitioner the Bankers Trust & Audit Co., Southern Investment Co., and Benton were owners and holders of certain of the capital stock of certain of said insolvent banks; that certain of the assessments levied by petitioner on the shares of stock held by the Bankers Trust & Audit Co., Southern Investment Co., and Benton remained unpaid; that Benton organized the three corporations named as defendants and had from the beginning of business by them been the dominant and controlling factor in all of them, had constantly dictated the policies of each, and had assumed and exercised absolute authority and control over them,

so that in truth and in fact they are mere creatures of Benton, who was entirely responsible for all of their apparent corporate acts; that said defendant corporations had engaged in the business of buying and selling capital stock in various banks in the State of Georgia; that Benton had been a large stockholder, financial agent, and exercising powerful, if not controlling, influence over practically all of the banks the capital stock of which was dealt in by the defendant corporations; that the assets of said corporations consist of the capital stock and other securities of the banks referred to, but the Georgia Bond & Investment Co. owns large and valuable assets consisting of real estate, stocks, bonds, and securities other than those in the banks referred to; that Benton and said defendant corporations have from time to time changed the apparent legal ownership of said shares of capital stock and other securities from one to the other, and have switched them about in any manner that might be directed by Benton; that Benton, Bankers Trust & Audit Co., and Southern Investment Co. are insolvent; that Georgia Bond & Investment Co. is entirely solvent; that the defendant corporations were organized by Benton merely as a matter of convenience; that all of the assets of each of them were and are the property of L. O. Benton individually; that certain of the stock of the insolvent banking institutions referred to, which was owned by L. O. Benton, Bankers Trust & Audit Co., and Southern Investment Co., has been so manipulated and transferred as to appear as the property of Georgia Bond & Investment Co., which is legally and equitably L. O. Benton, and for that reason equally liable to account on the complaint of petitioner; that at the time of the transfers complained of the defendants had full knowledge that the banking institutions named were insolvent; that said transfers were and are a fraud upon the depositors of said institutions, and were made in pursuance of a fraudulent scheme entered into by L. O. Benton, Bankers Trust & Audit Co., and Southern Investment Co., for avoiding their liability as stockholders in the banks named; that the assets of Benton and the three corporations named are largely invisible; that there has been continuously a manipulation of the assets of all three of said corporations and of L. O. Benton for the purpose of confusing the status of each, so as to make it exceedingly difficult, if not impossible, to ascertain the exact status;

that responsibility for such manipulations and confusions rests with L. O. Benton, and they were dictated and engineered by him for the purpose of preventing collection of claims on account of which this suit was filed, and to hinder, defeat, delay, and defraud the depositors of said insolvent banking institutions; that it would be practically impossible for the machinery of a court of law to ascertain, locate, and seize any of the assets of either of said corporations or L. O. Benton; that only a court of equity can ascertain the financial status of said four defendants and locate their assets; that it would be impossible for a court of law to fix the several liabilities of each of said defendants; and that each of them are, for the reasons stated, liable for the full amount sued for. The prayers are, that a receiver be appointed to take possession of the books of all of the defendant corporations; that Benton and the three defendant corporations be restrained by injunction from altering or modifying the present status of the books and records of said corporations and of Benton, in so far as the stock or other securities of said insolvent banks are concerned, and in so far as the capital stock and securities of any bank in which either of said corporations or Benton now owns and holds, against which any assessments on account of the capital stock have been levied by petitioner; that an accounting be had to determine the status of the affairs of the three defendant corporations and L. O. Benton; that petitioner have judgment against each and all of the defendants for the full amount due on account of the assessments on capital stock fully set out by exhibits attached to the petition, with interest, except as to the assessments on account of two of the institutions which had been paid in full, and as to two others, on account of which executions had been issued by petitioner; and for general relief.

L. O. Benton, Bankers Trust & Audit Co., and Southern Investment Co. demurred to the petition, on the grounds: (1) the allegations of the petition do not show any cause of action against the defendants named, and do not set out any cause of action; (2) said petition does not set out any matter or thing of equity or equity jurisdiction, and upon the allegations of the petition plaintiff is not entitled to the equitable relief prayed. This demurrer was sustained and the petition was dismissed, and upon that judgment the assignment of error is based.

*C. N. Davie, Luther Roberts, A. S. Thurman, A. G. Foster,* and *Allen & Pottle,* for plaintiff.

*Clement & Campbell* and *M. F. Adams,* for defendants.