17952. DAVIS *v.* CITIZENS-FLOYD BANK & TRUST CO.

1. When an alleged principal, by acts or conduct, has knowingly caused or permitted another to appear as his agent, he will be estopped to deny the agency, to the injury of third persons who have in good faith and in reasonable prudence dealt with the apparent agent on the faith of the relation. *Nussbaum* v. *Heilbron*, 63 *Ga.* 313, 315; 2 C. J. 461.

2. "One who tacitly permits himself to be held out to the public as a partner, though he in fact has no interest in the partnership, will be estopped from denying his connection with the firm, and will be bound, where the opposite party was misled by the putative status and acted thereon. . . Thus, where a person knows that his name is being used as that of a member of a firm, and that he is being held out as a partner in a particular business, he is not only under the duty to prohibit such use, but it is also incumbent upon him to take such steps as an ordinarily prudent person would take in the circumstances to notify the public, as well as individuals to whom he knows that he has been so held out as a partner, that he is not a partner." *Shap-leigh Hardware Co.* v. *McCoy*, 23 *Ga. App.* 265 (98 S. E. 102); *Mein-hard* v. *Bedingfield Co.*, 4 *Ga. App.* 176 (61 S. E. 34); *Roberts* v. *Curry Grocery Co.*, 18 *Ga. App.* 53 (88 S. E. 796).

3. The evidence authorized the inference that the person who signed the note had ostensible authority to do so in behalf of the defendant, and that the plaintiff payee, in extending the credit, justifiably relied thereon. In these circumstances the defendant was liable, and, being so, he can not complain that he was held as a partner, whether it be true that he was liable in fact only as an individual.

4. In a suit on a note it is not necessary for the plaintiff to plead estoppel, in order to invoke it to combat some affirmative defense against which the principle may be applicable. There was no error in refus-ing a new trial.

DECIDED OCTOBER 13, 1927.

Complaint; from Floyd superior court—Judge Maddox. De-cember 10, 1926.

*John Camp Davis,* for plaintiff in error.

*Denny & Wright,* contra.

BELL, J.   The bank brought suit against John P. Davis and J. Olney Davis, as partners, upon a promissory note.   John P. Davis alone defended, filing a plea of no partnership.   The trial before the judge without a jury having resulted in a finding and judgment against him, he moved for a new trial on the general grounds only, and, the motion being refused, he excepted.

The evidence showed that with the knowledge and consent of his father, John P. Davis, and in the latter's office, J. Olney Davis conducted an insurance business under the name of "John P. Davis Insurance Agency," and that, acting within the scope of that enterprise and in that name, he executed the note sued on. The evidence also authorized the inference that the plaintiff payee accepted the note for value, relying upon the credit and responsibility of John P. Davis, although believing, from representations of J. Olney Davis, that the two were partners.   While the mere declarations of an alleged partner are not admissible to prove that he is the partner of another who denies the existence of the partnership (see *Shaw* v. *Jones,* 133 *Ga.* 446 (4) (66 S. E. 240) ; *Render* v. *Hill,* 30 *Ga. App.* 239 (117 S. E. 258), and the evidence here established without dispute that the partnership did not exist in fact, yet since the evidence warranted the inference that John P. Davis, by his conduct, had held himself out as being related, as a responsible party, in some capacity, to the business carried on under the name stated, and had permitted J. Olney Davis to pledge the credit of such business under ostensible authority to do so, John P. Davis could be held liable on the contract by one who extended credit on the faith of such relation and authority. In such circumstances he will be estopped to assert that the facts were not as they appeared to be, whether the person creating the debt did so as an agent or as a partner.   The real question is whether J. Olney Davis had apparent authority in any capacity to bind his father.   "When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury must bear the loss."   Civil Code (1910), § 4537.   Where it appeared that such apparent authority existed, and that the plaintiff extended the credit on the faith thereof, the defendant is bound, although the authority did

not exist in fact, and it is immaterial what the plaintiff may have believed as to the technical relation out of which such authority proceeded. Even assuming that the putative status was that of principal and agent, and not, as the plaintiff believed, that of partners, the defendant can not complain that he was held as a partner, where he could have been held as an individual. *Doody Co.* v. *Jeffcoat,* 127 *Ga.* 301 (2) (56 S. E. 421); *Waldrop* v. *Wolff,* 114 *Ga.* 610 (6) (40 S. E. 830), and cit.

It was not necessary for the plaintiff to plead estoppel where, as here, it was brought forward by the evidence to combat an affirmative defense. *Wright* v. *McCord,* 113 *Ga.* 881 (2) (39 S. E. 510); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5). The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*