HARRIS *v.* ABNEY.

HEAD, Justice. 1. A description of land as "being parts of lots of land Nos. 44 and 45 in the 6th District and 4th Section of Chattooga County, Georgia, that lie north of L. A. Harris' [lessor] present place of business, being bounded on the east by the highway, on the north by the Walker-Chattooga County line, on the west by the L. A. Harris lands, and on the south by the lands of Drummons," is too indefinite to support a decree for possession of the lands by the lessee in an equitable action against the lessor. No particular tract of land is referred to by a given name, nor is there anything to show how far west of the highway the line of separation should be with reference to other lands of the defendant, L. A. Harris. *Kauffman* v. *Deese*, 205 *Ga.* 841, 842 (2-a) (55 S. E. 2d, 358), and cases cited.

2. In the present action to require the lessor to give effect to a claimed right of renewal, the lessor is not estopped to assert the invalidity of the lease by reason of a void or insufficient description of the premises. As a general rule estoppel, to be relied upon, must be pleaded. *DeVore* v. *Baxter*, 155 *Ga.* 109 (116 S. E. 610); *National Land & Coal Co.* v. *Zugar*, 171 *Ga.* 228 (155 S. E. 7). The pleader is not required to use the word "estoppel," where the pleaded facts are sufficient to show that

estoppel is an applicable defense. *Broderick* v. *Reid,* 164 *Ga.* 474 (139 S. E. 18). The fact that the lessor has accepted some rents under an invalid lease is insufficient to constitute estoppel by conduct. "In order to constitute estoppel by conduct, there must concur, first, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and, fifth, persons complaining shall have been induced to act by reason of such conduct of the other." *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174). The petition contains no allegation that the insufficient description is the result of "mutual mistake," or ignorance or mistake on one side and fraud on the other side, and there is no prayer for reformation of the description. See *Gibson* v. *Alford,* 161 *Ga.* 672 (132 S. E. 442); *Redmond* v. *Sinclair Refining Co.,* 204 *Ga.* 699, 708 (51 S. E. 2d, 409).

3. Mere inadequacy of price may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair, or unjust, or against good conscience. Code, § 37-805. Where a petition for specific performance of an alleged lease of lands, to be used by the lessee for an airfield, does not allege any sum of money to be the fair, just, and equitable rental value of the lands, and the alleged lease provides that the lessor shall be paid "a rental in the nature of income from the passenger hauls of ten per centum of the passenger traffic, and five per centum for instructions," there is nothing upon which to base a decision that the contract is fair, just, and equitable, and in good conscience should be performed. *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226); *Jenkins* v. *Evans,* 202 *Ga.* 423 (43 S. E. 2d, 501); *Holliday* v. *Pope,* 205 *Ga.* 301, 309 (53 S. E. 2d, 350). Especially is this true where no facts are alleged in the petition (and none are revealed by the evidence) from which the court might arrive at the fair rental value of the premises. *Higdon* v. *Dixon,* 203 *Ga.* 67, 71 (45 S. E. 2d, 423); *Ogletree* v. *Ingram & LeGrand Lumber Co.,* 207 *Ga.* 333 (3) (61 S. E. 2d, 480); *Hulgan* v. *Gledhill,* 207 *Ga.* 349 (4) (61 S. E. 2d, 473). Under the foregoing rules, neither the pleadings nor the evidence authorized a verdict for specific performance.

*Judgment reversed. All the Justices concur.*

No. 17586. ARGUED SEPTEMBER 11, 1951—DECIDED NOVEMBER 15, 1951.

*Brinson & Davis,* for plaintiff in error.

*Walter B. Shaw, S. W. Fariss, Earl B. Self,* and *T. J. Espy Jr.,* contra.