22841. BELL et al. v. STUDDARD et al.

ARGUED FEBRUARY 8, 1965—DECIDED MARCH 16, 1965.

*G. L. Dickens, Jr., D. E. McMaster,* for plaintiffs in error.
*Irwin L. Evans, Sharpe, Sharpe & Hartley,* contra.

MOBLEY, Justice. ■ Plaintiff's contention that the judgment overruling the demurrers should be sustained because the pleadings were confused and the defendant should have repleaded rather than merely renewed his demurrers is without merit. The defendants renewed their demurrers to the petition as amended after each amendment, which was sufficient. .

■ The issue presents itself as to whether the zoning ordinance relied upon by the plaintiffs is unconstitutional and therefore invalid and of no effect. It is contended that the ordinance is invalid because it violates Art. I, Sec. I, Par. II (*Code* § 2-102) of the Georgia Constitution which provides: "Protection to person and property is the paramount duty of government, and shall be impartial and complete" and Art. I, Sec. I, Par. III (*Code* § 2-103) which provides: "No person shall be deprived of life, liberty, or property, except by due process of law," because it fails to provide for any hearing or notice of hearing and therefore permits the deprivation of property rights without due process of law. It is further contended that the ordinance is unconstitutional because Section 68 of the enabling Act, the charter of the City of Sandersville, is unconstitutional on the ground that it too is contrary to the above constitutional provisions.

Nowhere in said ordinance, a copy of which is attached as an exhibit to the original petition, does there appear any language providing for hearing and notice of hearing to the property owners affected thereby. It is clearly in contravention to the consti-

tutional requirements of due process, *Sikes v. Pierce,* 212 Ga. 567 (2) (94 SE2d 427), *Jennings v. Suggs,* 180 Ga. 141 (178 SE 282), *Robitzsch v. State,* 189 Ga. 637 (7 SE2d 387), *Southern R. Co. v. Town of Temple,* 209 Ga. 722, 724 (75 SE2d 554), and is therefore unconstitutional and void. In view of this ruling it is not necessary to pass upon the constitutionality of Section 68 of the charter of the City of Sandersville authorizing zoning.

■ It is contended that the structural changes in the building and in the use thereof by the defendants are in violation of *Code Ann.* § 69-835 (Ga. L. 1946, pp. 191, 200) which provides: "The lawful use of a building or structure . . . as existing and lawful at the time of the promulgation of zoning regulations, or in the case of an amendment of zoning regulations, then at the time of such amendment, may, except as hereinafter provided, be continued although such does not conform with the provisions of such regulations or amendment, and such use may be extended throughout the same building provided no structural alteration of such building is proposed or made for the purpose of such extension." But this section applies only to pre-existing nonconforming uses of property and, by definition, there can be no such use unless there is in existence a valid zoning regulation affecting the property. Since the zoning ordinance is unconstitutional and of no effect, *Code Ann.* § 69-835 has no application.

■ ■ The next question is whether the defendants are estopped from raising the invalidity of the ordinance so that it may be enforced against them. Generally, a party is required to plead all the elements necessary to constitute estoppel in order to avail himself of the defense against an assertion of his adversary. *Harris v. Abney,* 208 Ga. 518 (67 SE2d 724). "Estoppel must be pleaded with particularity and precision, every essential fact being set forth, since nothing can be supplied by inference or intendment, it will be against and not in favor of the estoppel." 31 CJS 759-760, Estoppel, § 156. This court has recognized an exception to the preceding general rule in *Rieves v. Smith,* 184 Ga. 657, 664 (192 SE 372, 112 ALR 368) in which the court states: "While 'the general rule is that estoppel, to be relied on must be pleaded,' . . . yet there are well-recognized exceptions to this general rule. Thus, since it is unnecessary under

our pleading act to file a replication, 'this rule does not apply where the plaintiff relies upon estoppel in order to defeat a defense raised by the defendant in his answer,' and in such a case 'evidence in rebuttal of other evidence [of the defendant] is admissible for the [plaintiff] for the purpose of showing an estoppel, even though estoppel is not pleaded.' *Brown v. Globe &c. Fire Ins. Co.*, 161 Ga. 849, 854 (133 SE 260); *Wright v. McCord,* 113 Ga. 881, 883 (39 SE 510); *Davis v. Citizens-Floyd Bank & Trust Co.*, 37 Ga. App. 275 (4), 277 (139 SE 826)." The rulings in the *Rieves* case supra, and those following it are concerned with pleading requirements only insofar as they are necessary for the admissibility of evidence. The situation in the present case is entirely different. It is not yet ready for trial, no answer having been filed and no question of fact having been raised. *Code* §§ 81-115, 81-303. Where the petitioner relies upon the grounds of, first, the enforcement of the ordinance, and second, estoppel against the defendant from asserting the invalidity of the ordinance, and where the first ground is subject to general demurrer because of the invalidity of the ordinance, it is incumbent upon the petitioner to plead estoppel in order to effectively avoid the defense raised by the demurrer. *James v. Maddox,* 153 Ga. 208 (111 SE 731); *Swofford v. Glaze,* 206 Ga. 574 (57 SE2d 823). The essential elements of an equitable estoppel, or an estoppel in pais, are as follows as related to the party against whom the estoppel is sought: (1) conduct amounting to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts; and, as to the party claiming the estoppel: (1) lack of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially. 19 Am. Jur. 641-643, Estoppel, § 42. See *Harris v. Abney,* 208 Ga. 518, supra. The petition as amended clearly failed to plead an equitable estoppel against the defendants because it contained no

allegation that the defendants made any false representation or concealment of fact, or that there was any intent on the part of the defendants that the plaintiffs rely upon their conduct.

The contention that the defendants are estopped to deny the validity of the zoning ordinance because Carr was serving as mayor and Bell as a member of the city council when an amendment to the original zoning ordinance was adopted adding this property to the zoned area, is without merit. Mere knowledge of the ordinance does not show fraud or other misconduct on the part of the defendants sufficient to raise an estoppel.

The plaintiffs also contended that the defendants are estopped to contest the validity of the ordinance by virtue of covenant provisions in their deed to the property stating that the defendants take the land subject to all existing zoning regulations. Estoppel by deed is maintainable only in favor of the parties to the deed or their privies. *Code* § 38-114; *Lamar v. Turner*, 48 Ga. 329; *Atlanta Land & Loan Co. v. Haile*, 106 Ga. 498, 503 (32 SE 606); *Coldwell Co. v. Cowart*, 138 Ga. 233 (75 SE 425); *Hughes v. Cobb*, 195 Ga. 213 (23 SE2d 701). A noted treatise on the subject states that, "The estoppel of a deed will be limited to actions based upon it or growing out of the transaction in which it was executed, and does not extend to a collateral action where the cause is different, while the subject matter may be the same." 2 Herman, Estoppel & Res Judicata, 714 § 580. See also *Hughes v. Cobb*, 195 Ga. 213, supra; 31 CJS 296, Estoppel, § 10. It appears from the record that the plaintiffs are not parties to the deed nor were ever in privity with a party. Furthermore, no action upon the deed itself or upon any right arising out of the deed is set forth, the present action being collateral to the transaction shown by the deed.

Even if, under the most liberal construction of the pleadings, some ground for an estoppel based upon the recitals in the deed could be shown, the provision in question would mean no more than that the grantees, the defendants, would be bound only by regulations and ordinances that were valid.

For the above stated reasons we hold that the superior court erred in overruling the general demurrers to the petition as amended.

■ The plaintiff's motion to dismiss the bill of exceptions on the ground that it contained no proper assignment of error is without merit. The defendants specifically except to and assign error on the "order" of the superior court "overruling all demurrers of the defendant to the plaintiff's petition as thrice amended . . . on the ground that it was contrary to law in that the court erred in overruling the general demurrers." This is sufficient. *McGregor v. Third Nat. Bank,* 124 Ga. 557 (3) (53 SE 93); *Bennett v. Benton,* 162 Ga. 139 (1) (133 SE 855); *Greenwood v. Greenblatt,* 173 Ga. 551 (2) (161 SE 135).

The judgment of the trial court overruling the general demurrer was error.

*Judgment reversed. All the Justices concur.*