PULTE HOME CORPORATION, Plaintiff,

v.

AMERICAN SAFETY INDEMNITY COMPANY, Defendant.

Case No.: 16–cv–02567–H–AGS

United States District Court, S.D. California.

Signed July 14, 2017

Sharon Ann Huerta, Koeller Nebeker Carlson and Haluck LLP, San Diego, CA, for Plaintiff.

Robert Wayne Keaster, Chamberlin & Keaster LLP, Encino, CA, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MARILYN L. HUFF, District Judge

On May 26, 2017, Plaintiff Pulte Home Corporation filed a motion for partial summary judgment. (Doc. No. 11.) On June 26, 2017, Defendant American Safety Indemnity Company ("ASIC") filed an opposition to Plaintiff's motion. (Doc. No. 16.) On June 28, 2017, the Court took the matter under submission. (Doc. No. 17.) On June 30, 2017, Plaintiff filed a reply. (Doc. No. 18.) For the reasons below, the Court denies Plaintiff's motion for summary judgment.

### Background

This is a motion for summary judgment over choice of law. The present action is an insurance coverage dispute between Plaintiff Pulte and Defendant ASIC, where Plaintiff asserts that it qualifies as an "additional insured" under the relevant insurance policies issued by Defendant. (Doc. No. 1, Compl. ¶ 8.) Each of the relevant policies contains a choice-of-law provision stating: "This policy and all additions to, endorsements to, or modifications of the policy shall be interpreted under the laws of the State of Georgia." (Doc. No. 16–8, Newton Decl., Ex. 1 at 64, Ex. 2 at 127, Ex. 3 at 197, Ex. 4 at 262, Ex. 5 at 331, Ex. 6 at 397.)

On October 14, 2016, Plaintiff Pulte filed a complaint against Defendant ASIC, alleging claims for declaratory relief, breach of contract, and breach of the duty of good faith and fair dealing. (Doc. No. 1, Compl. ¶¶ 25–60.) On December 16, 2016, Defendant filed an answer to the complaint. (Doc. No. 5.) In the answer, Defendant alleges as an affirmative defense that the ASIC policies at issue are governed by Georgia law pursuant to the Choice of Law/Consent to Jurisdiction endorsements in the policies. (Id. at 20.) By the present motion, Plaintiff moves for summary judgment as to Defendant's choice-of-law affirmative defense. (Doc. No. 11–1 at 2.) Specifically, Plaintiff argues that the choice-of-law provision contained in the relevant policies is unenforceable and that California law governs the substantive issues in the case. (Id. at 1.)

### Discussion

#### I. Legal Standards for Summary Judgment

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Fortune Dynamic, 618 F.3d at 1031 (internal quota-

tion marks and citations omitted); accord Anderson, 477 U.S. at 248, 106 S.Ct. 2505. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. 2548. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case that the nonmoving party bears the burden of proving at trial. Id. at 322–23, 106 S.Ct. 2548; Jones v. Williams, 791 F.3d 1023, 1030 (9th Cir. 2015). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting former Fed. R. Civ. P. 56(e)); accord Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007). To carry this burden, the non-moving party "may not rest upon mere allegation or denials of his pleadings." Anderson, 477 U.S. at 256, 106 S.Ct. 2505; see also Behrens v. Pelletier, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) ("On summary judgment, . . . the plaintiff can no longer rest on the pleadings."). Rather, the nonmoving party "must present affirmative evidence . . . from which a jury might return a verdict in his favor." Anderson, 477 U.S. at 256, 106 S.Ct. 2505. "Choice of law determinations, as well as contract interpretation issues, are pure legal questions well-suited to summary judgment." Flintkote Co. v. Aviva PLC, 177

F.Supp.3d 1165, 1172 (N.D. Cal. 2016) (citing Shannon–Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001); TH & T Int'l Corp. v. Elgin Indus., Inc., 216 F.3d 1084 (9th Cir. 2000)).

When ruling on a summary judgment motion, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The court should not weigh the evidence or make credibility determinations. See Anderson, 477 U.S. at 255, 106 S.Ct. 2505. "The evidence of the non-movant is to be believed." Id. Further, the Court may consider other materials in the record not cited to by the parties, but it is not required to do so. See Fed. R. Civ. P. 56(c)(3); Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).

## II. Analysis

Plaintiff moves for summary judgment as to Defendant's choice-of-law affirmative defense. (Doc. No. 11–1 at 1–2.) In its motion, Plaintiff argues: (1) that the choice-of-law provision in the relevant ASIC policies is unenforceable and that California law governs the substantive issues in this case; (2) that Defendant should be estopped from asserting that Georgia law applies in this case; and (3) that even if the choice-of-law provision is enforceable, Georgia law would not apply to Plaintiff's tort claims. (Id. at 3–13.) The Court addresses each of these arguments raised by Plaintiff in turn below.

### A. Enforceability of the Choice-of-Law Provision

Plaintiff argues that the choice-of-law provision in the ASIC policies is unenforceable and that California law governs the substantive issues in this case. (Id. at

1, 3–9.) In response, Defendant argues that the choice-of-law provision is enforceable and presumptively applies because ASIC was located in Georgia at the time the relevant polices were issued. (Doc. No. 16 at 1, 12–21.)

■ A "federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, —— U.S. ——, 134 S.Ct. 568, 582, 187 L.Ed.2d 487 (2013); see Sarver v. Chartier, 813 F.3d 891, 897 (9th Cir. 2016). This Court sits in the Southern District of California. Thus, the parties agree that California law governs the determination of the enforceability of the choice-of-law provision at issue. (See Doc. No. 11–1 at 3; Doc. No. 16 at 12.)

■ In determining the enforceability of a choice-of-law provision, California courts apply the principles set forth in Restatement § 187 "which reflect a strong policy favoring enforcement of such provisions." Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459, 464–65, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (1992). Under that approach:

> [T]he court first … determine[s] either: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law. If, however, either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. If there is no such conflict, the court shall enforce the parties' choice of law. If, however, there is a fundamental conflict with California law, the court must then determine whether California has a "materially greater interest than the chosen state in the de-

termination of the particular issue…." If California has a materially greater interest than the chosen state, the choice of law shall not be enforced, for the obvious reason that in such circumstance we will decline to enforce a law contrary to this state's fundamental policy.

Id. at 466, 11 Cal.Rptr.2d 330, 834 P.2d 1148. " 'The party advocating application of the choice-of-law provision has the burden of establishing a substantial relationship between the chosen state and the contracting parties.' 'The burden then shifts to the party opposing application to show that application would violate a fundamental policy of California.' " Ridenhour v. UMG Recordings, Inc., No. C 11-1613 SI, 2012 WL 463960, at *3 (N.D. Cal. Feb. 13, 2012); see 1–800–Got Junk? LLC v. Superior Court, 189 Cal.App.4th 500, 515, 116 Cal.Rptr.3d 923 (2010); Washington Mut. Bank, FA v. Superior Court, 24 Cal.4th 906, 917, 103 Cal.Rptr.2d 320, 15 P.3d 1071 (2001).

■ Under the approach set forth in Restatement § 187 and Nedlloyd, the Court begins its analysis by determining whether the chosen state has a substantial relationship to the parties or their transaction. Here, the chosen state is Georgia. At the time the policies were issued, Defendant ASIC's principle place of business was in Atlanta, Georgia. (Doc. No. 16–7, Tortorici Decl. ¶¶ 4–7; Doc. No. 16–1, RJN Exs. C, D; see also Doc. No. 16–8, Newton Decl., Exs. 1–6.) Plaintiff does not dispute this. Thus, because one of the contracting parties, ASIC, had its principle place of business in the chosen state, Georgia, at the time of contracting, there was a substantial relationship between Georgia and the contracting parties had a reasonable basis for selecting Georgia law. See Nedlloyd, 3 Cal.4th at 467, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (" 'If one of the parties resides in the chosen state, the parties

have a reasonable basis for their choice.'" (quoting Consul Ltd. v. Solide Enterprises, Inc., 802 F.2d 1143, 1147 (9th Cir. 1986))).

In its motion, Plaintiff notes that, in 2016, ASIC merged into TIG Insurance Company, a California corporation. (Doc. No. 11–1 at 4 (citing Doc. No. 11–3, Huerta Decl. Ex. 7.).) But this fact is of no consequence to the Court's analysis. In determining whether the chosen state has a substantial relationship to the contracting parties, the court's inquiry is "directed to the circumstances existing at the time of contracting." Ridenhour, 2012 WL 463960, at *3; see, e.g., Tutor–Saliba Corp. v. Starr Excess Liab. Ins. Co., Ltd., No. CV 15-1253 PSG, 2015 WL 13285089, at *3 C.D. Cal. Apr. 23, 2015 ("Because one of the contracting parties had its principal place of business in New York at the time of contracting, the Court concludes the parties had a 'reasonable basis' for selecting New York law to govern their contact."); Davis v. CACH, LLC, No. 14-CV-03892-BLF, 2015 WL 913392, at *4 (N.D. Cal. Mar. 2, 2015) ("Nevada had a substantial relationship to the parties or transaction, because HSBC was based there when the parties entered into the contract."). Accordingly, Defendant has met its burden of establishing a substantial relationship between the chosen state and the contracting parties. See Nedlloyd, 3 Cal.4th at 467, 11 Cal.Rptr.2d 330, 834 P.2d 1148; Ridenhour, 2012 WL 463960, at *3; Tutor–Saliba, 2015 WL 13285089, at *3.

Thus, the choice-of-law provision at issue will be enforced, unless Plaintiff "'can establish both that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue.'" 1–800–Got Junk?, 189

Cal.App.4th at 515, 116 Cal.Rptr.3d 923. The parties dispute whether the relevant Georgia law is contrary to a fundamental policy of California. (See Doc. No. 11–1 at 5–9; Doc. No. 16 at 14–21.) Nevertheless, the Court need not resolve this dispute because even if Plaintiff is able to show that Georgia law is contrary to fundamental California policy, Plaintiff is unable to show that California has a materially greater interest than Georgia in the determination of the issues in this case.

"To determine whether California has a materially greater interest than Georgia, [a court] must analyze the following factors: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and, (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties." Ruiz v. Affinity Logistics Corp., 667 F.3d 1318, 1324 (9th Cir. 2012) (citing 1–800–Got Junk?, 189 Cal.App.4th at 515 n.10, 116 Cal.Rptr.3d 923). Here, although the place of contracting, negotiation, and subject matter of the relevant policies appears to be in California, (see Doc. No. 16–8, Newton Decl., Exs. 1–6), Plaintiff is not domiciled in or a resident of California. Plaintiff is a Michigan corporation with is principle place of business in Georgia.[1] (Doc. No. 1, Compl. ¶ 1; Doc. No. 11–1 at 4, 6.) Further, although Defendant is currently a California corporation with its principle place of business in New Hampshire, at the time of contracting, ASIC was an Oklahoma corporation with its principle place of business in Georgia. (Doc. No. 16–7, Tortorici Decl. ¶¶ 4–7; Doc. No. 16–1, RJN Exs. C, D; see also Doc. No. 16–8, Newton Decl., Exs.

---

1. In its motion, Pulte states that it recently moved its principal place of business to Atlanta, Georgia. (Doc. No. 11–1 at 4, 6.) However, the Court notes that Pulte does not state where its principal place of business was prior to that move.

1–6.) Thus, the present action involves a current Georgia citizen, Plaintiff, and former Georgia citizen, Defendant. Under these circumstances, Plaintiff has failed to establish that California has a materially greater interest than Georgia in resolution of the issues in this case. See, e.g., Hernandez v. Burger, 102 Cal.App.3d 795, 799, 162 Cal.Rptr. 564 (1980) (finding that California did not have a greater interest than Mexico, where the plaintiff was a resident and citizen of Mexico even though the Defendant was a California resident); Chiquita Fresh N. Am., L.L.C. v. Greene Transp. Co., 949 F.Supp.2d 954, 963 (N.D. Cal. 2013) (finding that California did not have a materially greater interest than Ohio where neither party was incorporated in or had its principal place of business in California); see also Daniel Indus., Inc. v. Barber–Colman Co., 8 F.3d 26 (9th Cir. 1993) ("The residence of the parties is important, though, because California's policies are intended to protect only California residents."); Howe v. Diversified Builders, Inc., 262 Cal.App.2d 741, 745–46, 69 Cal.Rptr. 56 (1968) ("California has no interest in extending to Nevada residents greater rights than are afforded them by the state of their domicile."). Accordingly, the choice-of-law provision is enforceable. See Nedlloyd, 3 Cal.4th at 466, 11 Cal. Rptr.2d 330, 834 P.2d 1148; 1–800–Got Junk?, 189 Cal.App.4th at 515, 116 Cal. Rptr.3d 923.

### B. Estoppel

Plaintiff argues that even if the choice-of-law provision is enforceable under Nedlloyd, Defendant should be estopped from asserting that Georgia law applies in this action. (Doc. No. 11–1 at 9–12.) Specifically, Plaintiff contends that prior to filing the present action, Defendant had at all relevant times supported its conduct by reference to California law and, therefore, Defendant should be estopped from now asserting that Georgia law applies. (Id. at 9–10.) In response, Defendant argues that Plaintiff's estoppel argument should be rejected because Plaintiff has failed to proffer any evidence of detrimental reliance or a change in position based on any of Defendants' alleged conduct. (Doc. No. 16 at 21–24.)

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases." Heckler v. Cmty. Health Servs. of Crawford Cty., Inc., 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). "The elements of equitable estoppel are '(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.' "[2] Schafer v. City of Los Angeles, 237 Cal.App.4th 1250, 1261, 188 Cal.Rptr.3d 655 (2015); see Bell v. Studdard, 220 Ga. 756, 760, 141 S.E.2d 536 (1965); Mitchell v. Georgia Dep't of Cmty. Health, 281 Ga.App. 174, 179–80, 635 S.E.2d 798 (2006) ("Equitable estoppel may be used to prevent a party from denying at the time of litigation a representation that was made by that party and accepted and reasonably acted upon by another party with detrimental results to the party that acted thereon."). The party relying on the doctrine of equitable estoppel must establish the above elements. See

---

**2.** In analyzing this equitable estoppel issue, Plaintiff cites to California case law, and Defendant cites to both California and Georgia case law. (Doc. No. 11–1 at 10–12; Doc. No. 16 at 22–24.) Thus, in analyzing this issue, the Court will cite to both California and Georgia law although the Court notes that there does not appear to be any material differences between the two with respect to the Court's analysis of this issue.

Crestline Mobile Homes Mfg. Co. v. Pac. Fin. Corp., 54 Cal.2d 773, 778, 8 Cal.Rptr. 448, 356 P.2d 192 (1960); Busching v. Superior Court, 12 Cal.3d 44, 53, 115 Cal. Rptr. 241, 524 P.2d 369 (1974); see, e.g., Morey v. Brown Mill. Co., 220 Ga.App. 256, 258, 469 S.E.2d 387 (1996).

■ The Court notes that Defendant in its correspondence with Plaintiff at times cited to California law.[3] (See, e.g., Doc. No. 11–3, Huerta Decl. Ex. 1 at 6, Ex. 11 at 2, Ex. 12 at 2.) Nevertheless, Plaintiff's assertion of equitable estoppel based on these citations fails as a matter of law. Under either California law or Georgia law, Plaintiff must show detrimental reliance in order to prevail on its assertion of equitable estoppel. See Schafer, 237 Cal. App.4th at 1261, 188 Cal.Rptr.3d 655; Bell, 220 Ga. at 760, 141 S.E.2d 536; Mitchell, 281 Ga.App. at 179–80, 635 S.E.2d 798. Here, Plaintiff has failed to present the Court with any argument or evidence supporting the contention that it relied on Defendant's citations of California law to its detriment. Plaintiff has not identified any injury it suffered as a result of these citations to California law. Accordingly, Plaintiff has failed to establish that Defendant should be estopped from asserting that Georgia law applies in this action.

### C. Application of the Choice-of-Law Provision to Plaintiff's Tort Claim

Finally, Plaintiff argues that even if the choice-of-law provision is enforceable, under the language of that provision, Georgia law would not apply to its bad faith tort claims. (Doc. No. 11–1 at 12–13.) In re-sponse, Defendant argues that the scope of the choice-of-law provision is broad and, therefore, Georgia law applies to all of Plaintiff's claims for relief. (Doc. No. 16 at 13–14.)

The California Supreme Court has explained "the scope of a choice-of-law clause in a contract is a matter that ordinarily should be determined under the law designated therein." Washington Mut. Bank, FA v. Superior Court, 24 Cal.4th 906, 916 n.3, 103 Cal.Rptr.2d 320, 15 P.3d 1071 (2001); see Nedlloyd, 3 Cal.4th at 469 n.7, 11 Cal.Rptr.2d 330, 834 P.2d 1148. Thus, Georgia law controls the scope of the choice-of-law provision at issue.[4] See id.

■ In resolving this issue, the Court finds instructive the decision in Deep Sea Fin., LLC v. British Marine Luxembourg, S.A., No. CV 409-022, 2010 WL 3463591 (S.D. Ga. Sept. 1, 2010). In Deep Sea, the parties disputed whether the choice-of-law provision at issue designating Mexican law applied to the plaintiff's bad faith claim. See id. at *2–3. The district court explained that under Georgia law, absent language in the choice-of-law provision stating that " 'any and all claims arising out of the relationship between the parties shall be governed by [the relevant law],' " the choice-of-law provision will only apply to "those claims arising out of the parties' contractual duties." Id. at *2 (citing Young v. W.S. Badcock Corp., 222 Ga.App. 218, 218, 474 S.E.2d 87 (1996)); see also Baxter v. Fairfield Fin. Servs., Inc., 307 Ga.App. 286, 291, 704 S.E.2d 423 (2010). Nevertheless, "[u]nder Georgia law, an insurer's bad faith refusal to pay an insurance claim

---

3. The Court also notes that Defendant identified and quoted the choice-of-law provision in its correspondence with Plaintiff. (Doc. No. 16–8, Newton Decl. Ex. 7 at 430–31, Ex. 8 at 448, Ex. 9 at 462, Ex. 10 at 480–81, Ex. 11 at 523, Ex. 12 at 572, Ex. 13 at 612, Ex. 14 at 656–57.)

4. Because Georgia law controls the determination of this issue, the Court does not find persuasive Plaintiff's reliance on California law and case law from the Second Circuit and the District of Connecticut in its briefing. (See Doc. No. 11–1 at 12–13; Doc. No. 18 at 8–9.)

amounts to no more than a breach of contract." Deep Sea, 2010 WL 3463591, at *3. Thus, the Deep Sea court held that "[b]ecause [plaintiff's] bad faith claim arises out of the contractual duties contemplated by the policy at issue, an agreement that the policy 'shall be governed by and construed in accordance with the laws of Mexico' precludes relief pursuant to Georgia [law]." Id.

Similarly, here the relevant choice-of-law provision states: "This policy and all additions to, endorsements to, or modifications of the policy shall be interpreted under the laws of the State of Georgia." (Doc. No. 16–8, Newton Decl., Ex. 1 at 64, Ex. 2 at 127, Ex. 3 at 197, Ex. 4 at 262, Ex. 5 at 331, Ex. 6 at 397.) Although the provision does not state that it governs any and all claims arising out of the relationship between the parties, the tort claims at issue in Plaintiff's motion for summary judgment are bad faith claims. (See Doc. No. 11–1 at 12–13.) Accordingly, "[b]ecause [Plaintiff's] bad faith claim[s] arise[ ] out of the contractual duties contemplated by the policy at issue," the choice-of-law provision is applicable to those claims and those claims are governed by Georgia law.[5] Deep Sea, 2010 WL 3463591, at *3.

### Conclusion

In sum, Plaintiff is not entitled to summary judgment as to Defendant's choice of law affirmative defense. Accordingly, the Court denies Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

---

**5.** Plaintiff notes that the choice-of-law provision at issue uses the phrase "interpreted under" rather than the phrase "governed by" or "construed in accordance with." (Doc. No. 18 at 9.) Although this is correct, Plaintiff fails to provide the Court with any applicable case law holding that there is a material difference between the phrases.